Gudtner v. Kilpatrick.

---

DAVID GUDTNER, PLAINTIFF IN ERROR, v. S. D. KILPATRICK AND BYRON BRADT, DEFENDANTS IN ERROR.

Appeal: UNDERTAKING: ACTION. Suit brought on an undertaking entered into for the purpose of appealing from the judgment of a justice of the peace. *Held*, That the defendants were estopped to deny that an appeal had been taken in the case, in contradiction of their undertaking, executed in conformity to the statute, for the purpose of perfecting an appeal, although no appeal lay from the judgment of the justice.

ERROR to the district court for Gage county.    Tried below before WEAVER, J.

*Bush & Rickards*, for plaintiff in error, cited: *McConnell v. Swales*, 2 Scam., 571.    *Southerland v. Swales*, 22 Ill., 91.    *Bensley v. Mountain*, 13 Cal., 306.    *Rockfelter v. Donally*, 8 Cow., 664.    1 Abbott's National Digest, 118. *Clendenning v. Crawford*, 7 Neb., 474.

*A. Hardy*, for defendants in error, cited: *Loomis v. McKenzie*, 8 N. W. R., 779.    *Secrest v. Barbee*, 17 Ohio State, 426.    7 Wait's Actions and Defenses, 126.    Bishop on Contracts, § 458.

COBB, J.

This action was brought in the county court of Gage county, and from thence by appeal to the district court for said county, on an appeal bond, of which the following is a copy:

"Know all men by these presents, That we, S. D. Kilpatrick and Byron Bradt, of the county of Gage, Nebraska, are held and firmly bound unto David Gudtner, in the penal sum of $360.00, lawful money of the United States, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, and administrators, jointly and severally and firmly by these presents.    Witness our hands and seals this 30th day of June, 1881. The consideration of the above obligation is such that, whereas, the said Daniel Gudtner did on the 20th day of June, 1881, before J. E. Cobbey, county judge in and for Gage county, recover a judgment against the above bounden S. D. Kilpatrick, for the sum of $134.53, and $25.45 costs of suit, from which said judgment the said S. D. Kilpatrick has taken an appeal to the district court of the county of Gage aforesaid, and the state of Nebraska.

Now if the said S. D. Kilpatrick shall prosecute his appeal with effect and without unnecessary delay, and shall pay whatever judgment may be rendered by the court, upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in force and effect." Signed and approved.

The plaintiff, after setting out the recovery of the judgment recited in the said bond, the taking of an appeal from said judgment by the said S. D. Kilpatrick, and the execution and delivery of such bond by him with the said Byron Bradt as surety thereon, alleged that on the — day of October, 1881, the said appeal was dismissed by the district court on motion of the said plaintiff, and that upon the dismissal of said appeal, the aforesaid judgment became and was in full force and effect in the said county court. Plaintiff further alleged in and by his said petition, that he, the said plaintiff, having caused a transcript of said judgment to be filed in the office of the clerk of the district court, and execution to be issued upon said judgment against the goods and chattels, lands and tenements of the said defendant, S. D. Kilpatrick, which execution had been returned wholly unsatisfied; and that said S. D. Kilpatrick has no goods, lands, or tenements from which said judgment or any part thereof can be made, etc.

The said defendants made answer to said petition, and alledged that the judgment described therein, rendered in the county court, was a judgment taken and rendered by default of the defendant S. D. Kilpatrick, and in his absence, and was a judgment against him solely; that no appeal was ever taken from said judgment, nor could be, for that the same is prohibited by law, and that all proceedings had for that purpose, including the giving of the bond, now in suit, were null and void, etc.; also that the attempted appeal was by the district court dismissed upon motion of the plaintiff, for the reason that the judgment was taken and rendered upon default of and in the absence of the ap-

pellant, etc.; and that a dismissal upon said motion was the only judgment therein rendered by said district court, etc.

A trial was had in the district court without the intervention of a jury, upon the record and agreed statement of facts, and there being a judgment for the defendant, the plaintiff brings the cause to this court on error. The agreed statement of facts, signed by the district judge, constitutes the bill of exceptions. From this statement of facts, I extract the following paragraph:

"June 10, no answer being on file, comes plaintiff and claims default of defendant, and the same is allowed, and *by consent of parties* this action is set for June 20, at 9 o'clock A.M., for trial."

The said statement does not show whether the summons in the said action was personally served on the defendant, nor whether he ever applied to the court to set aside the judgment under the provisions of section 1001 of the civil code.

I think under a fair construction of the syllabus as well as the body of the opinion in the case of *Clendenning* v. *Crawford*, 7 Neb., 474, a defendant against whom a judgment rendered "by default and in his absence," has the right to appeal after he has applied to have the judgment set aside, under the provisions of section 1001 of the civil code, and been denied; and that the principal defendant, to make his defense available, even upon his own theory, must have negatived such facts by allegation and proof. It appears by the statement of facts, as above quoted, that the said action was set down for trial June 20th, at 9 o'clock, by *consent of parties*. This statement, made in a stipulation of facts, on which a cause is to be heard and decided by a court, in the absence of sworn testimony, must be understood as meaning that the defendant, as well as the plaintiff, was present in court, either in person or by attorney, and gave his consent as therein stated. In the case of *Strine v. Kaufman*, 12 Neb., 423, this court say in

·effect, that in a case where a defendant appears in response
to a summons, he cannot, by voluntarily absenting him-
self from the court room, where judgment is about to be
rendered against him, bring himself within the provisions
·of the section in question.   And I think that it makes no
difference in such case whether he actually makes an answer
or defense in the case or not.   If he was present, he could
have availed himself of whatever answer or defense he
could make.

The case of *McConnel v. Swales*, 2 Scam., 571, came
before the supreme court of Illinois in 1840.   It was an
action on an appeal bond, taken in a case before a jus-
tice of the peace to the circuit court, where the appeal
was dismissed, and action brought on the bond against the
defendant and his bondsmen.   The court in the opinion
say: "This court does not entertain a doubt, but that the
dismissal of an appeal or *certiorari* is equivalent to a reg-
ular technical affirmance of the judgment, so as to entitle
a party to claim a forfeiture of the bond, and have his ac-
tion therefor.   The bond given in such case is conditioned
to pay the debt and costs in case the judgment shall be af-
firmed on the trial of the appeal.   What is the object of this
requirement, and what its meaning and intention?   Mani-
festly to secure the opposite party in his debt and costs,
in case the judgment shall not be reversed; in case he
shall be, in the circuit court, the successful party.   By a
dismissal of the appeal, either by the court, or by the act
·of the appellant himself, the appellee is the successful
party.   He has not lost what he gained before the magis-
trate.   He is placed in the same situation he occupied
before the appeal was taken; and we see no propriety in
attributing to such a judgment of dismissal less efficacy
than to a more formal and technical one of affirmance."

The above case was followed and approved in the same
court by that of *Sutherland v. Phelps*, 22 Ill., 91.

The statute of the state of Wisconsin provided that a

party desiring to appeal from a judgment of a justice of the peace should make an oath that the appeal was taken in good faith, and not for the purpose of delay, and also give a bond, etc.

In the case of *Clark v. Miles*, 2 Pinney, 432, Clark had recovered a judgment against Miles before a justice of the peace. Miles desiring to appeal, presented a bond with security, but took no oath. The justice, however, allowed the appeal. The circuit court, upon motion of the appellee, dismissed the appeal for the want of the statutory oath. Clark then brought an action on the appeal bond against Miles and his surety. The circuit court gave judgment for the defendant, on the ground that the dismissal of the appeal carried with it and invalidated the appeal bond. The plaintiff took a writ of error to the supreme court, where the judgment of the circuit court was reversed. In the opinion the majority of the court say: "The appeal was properly dismissed in the first instance, as the affidavit was absolutely required by the statute; but the question now presented is, whether that dismissal rendered the recognizance void. We think not. One of the conditions of the recognizance (of which a form is given in the statute) is that the appellant shall pay the amount of the judgment rendered against him before the justice, including costs of appeal, with interest, in case his appeal shall be dismissed or discontinued."

"It was not the fault of the appellee that no affidavit was filed, nor can he be made to suffer for either the neglect of the appellant, or of the justice. It was not for him to enquire into the reason for the dismissal of the appeal; he was satisfied that it was dismissed. He had been subjected to delay and expense because of the voluntary action of his antagonist, and it would be harsh indeed to drive him back to his execution upon the justice's judgment, and thus deprive him of all indemnity for the delay and costs of the appeal. We regard his right to sue upon the recognizance

as perfect from the time of the judgment of the circuit court. It was a voluntary security for the payment of the judgment, and once given could not be withdrawn by the party, nor invalidated by the judgment of the circuit court." There were two dissenting opinions, the court being then composed of five circuit judges holding the supreme court on the *nisi prius* system. But after the organization of the separate supreme court the question came before it in a case precisely like the case at bar. *Love v. Rockwell*, 1 Wis., 382. The statute of Wisconsin allowed an appeal from justices of the peace only in cases where judgment had been rendered upon the trial of an issue of fact or issue of law, and for an amount exceeding fifteen dollars. Baker & Love obtained a judgment in a proceeding in garnishment before a justice of the peace against one Abbott. Abbott appealed to the county court, giving the statutory recognizance, with Rockwell as his surety therein. This appeal was dismissed by the county court on motion of the appellants, on the ground that the cause was non-appealable for the reason that there was no issue joined before the justice of the peace. Baker & Love brought suit in a justice's court on the recognizance against Abbott, and Rockwell, his surety. Abbott having made default, Rockwell pleaded in bar, taking the identical ground taken in the answer in the case at bar. To this plea the plaintiffs demurred. The justice sustained the demurrer. The defendant appealed to the county court. Pending the appeal Baker died. The suit proceeded in the name of Love, survivor. The county court reversed the justice, overruled the demurrer, and gave judgment for the defendant for his costs. The plaintiff took the case to the supreme court on error, where the judgment of the county court was reversed. I quote from the opinion of the court by C. J. Whiton: "We do not think that the defendant is entitled to set up the matters stated in his plea as a defense to this action. The recognizance

on which the suit was brought was entered into by the defendant, and the defense sought to be interposed to the action is that the recognizance is void, because the justice before whom it was taken had no authority to take it, as no appeal lay from his decision. The plea admits that the recognizance was entered into for the purpose of perfecting an appeal of the case to the county court; but the defendant insists that no appeal lay from the decision, and that the proceedings before the justice subsequent to the rendition of the judgment are consequently void. We suppose there can be no doubt of the correctness of the propositions of the defendant. The statute did not authorize an appeal of the case to the county court, and when by law no appeal can be had, we do not see how any legal consequence can follow from proceedings taken to perfect it. But this does not meet the difficulty. The recognizance was entered into by the defendant, together with *Abbott*, and recites the fact of the recovery of the judgment, and that an appeal had been taken to the county court. To allow the defendant to set up and prove these facts to contradict his own recognizance, would be to allow him to obtain a delay in the issuing of the execution upon the judgment rendered by the justice, and then, when the delay has been obtained, insist that the recognizance which procured it created no legal obligation. While we think this a case where it would be gross injustice to allow the defendant to avail himself of the defense set up in his plea, we are equally well satisfied that it is a case where the doctrine of estoppel applies, as laid down in the authorities."

The reason of these cases is entirely applicable to the case at bar, and is we think unanswerable.

The judgment of the district court is therefore reversed, and the cause remanded to the district court for further proceedings according to law.

REVERSED AND REMANDED.