Adams v. Thompson.

GEORGE W. ADAMS, PLAINTIFF IN ERROR, V. JOSEPH N. THOMPSON, DEFENDANT IN ERROR.

*Action on Appeal Bond*: ESTOPPEL. Suit brought on an under-taking or bond entered into for the purpose of appealing from the judgment of a justice of the peace; *Held*, That the defend-ant was estopped to deny that an appeal had been taken in the case, in contradiction of his undertaking or bond executed in conformity to the statute for the purpose of perfecting an appeal, although the same was filed with the justice of the peace after the expiration of the time limited for that purpose; and the said appeal was dismissed in the district court for the reason of said undertaking or bond having been filed out of time. *Gudtner v. Kilpatrick*, 14 Neb., 347.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Beeson & Sullivan,* for plaintiff in error.

*H. D. Travis* and *Crites & Ramsey*, for defendant in error.

COBB, CH. J.

It appears from the record in this case that the defend-ant in error, Joseph N. Thompson, in a certain action before G. C. Cleghorn, a justice of the peace of Cass county, recovered a judgment against one William W. Riggs, on the 11th day of September, 1882, for the sum of two hundred dollars and costs. That for the purpose of appealing said judgment to the district court, the plaintiff in error, George W. Adams, executed an appeal bond in said case in the usual form. This bond bore no date on its face, but was endorsed by the said justice as follows: "Received this bond this 22d day of September, 1882, and approved the same as to form and sufficiency, and not as to time, it being the eleventh day after judgment, and does not oper-

ate as stay of execution." At the following term of the district court, the said appeal having been docketed in said court, was, on motion of the said Thompson, appellee, dismissed, and the judgment affirmed, for the reason that the said appeal had not been taken within the time provided by law. Upon the said order of dismissal being certified to said justice of the peace, as required by law, an execution was duly issued against the said Riggs thereon, placed in the hands of a constable for service, and by him returned wholly unsatisfied for the want of goods of the said Riggs whereon to levy the same.

Thereupon the said Joseph N. Thompson brought his action in the district court against the said George W. Adams on the said appeal bond. The said Adams filed his answer in said action in which he denied that the said William W. Riggs ever appealed the said action from the said justice, or that he ever caused the said bond to be approved by the said justice, or that the same ever was in fact approved by him, and averred that the said justice refused to approve said bond. Also that the said first action was dismissed out of the said district court on motion of the said plaintiff, for the reason that said bond was not given within the time required by law, etc.

The cause was tried to the court, which found the issues for the plaintiff, and rendered judgment for him in the sum of three hundred thirty-six dollars and ninety-seven cents, besides costs. The defendant brings the cause to this court on error.

The question presented by the record is, whether a person who voluntarily becomes security for a losing party in an action before a justice of the peace or other inferior court for the purpose of enabling such party to appeal to the appellate court, upon the failure of such appeal on account of the same not having been taken within the time limited by law, will be held to the terms of such suretyship notwithstanding such failure of the appeal.

The purpose and object of an appeal in judicial proceedings is generally two-fold : 1. To enable the losing party to obtain a new trial in a higher court, and thereby possibly escape what he conceives to be an unjust judgment; and, 2. To stay the issuance of an execution against him. Hence it cannot generally be said that when the appellant fails to obtain a new trial he fails in the whole object and purpose of his appeal, as he has usually enjoyed the benefit of the stay of execution. But plaintiff in error claims that this case is an exception in that respect, and because of the endorsement by the justice of the peace on the bond that the same was not approved "as to time, it being the eleventh day after judgment, and does not operate as stay of execution," and as the court refused to approve the said bond and appeal, the office of securing a new trial of the cause in the appellate court, that the whole proceeding was abortive and of no effect to bind the maker of the bond. In support of this proposition counsel cited cases, most of which are cases arising upon incomplete delivery of official bonds, deeds of land, and commercial paper, and none of them exactly in point to the case at bar. There is a broad distinction between such cases and one like that under consideration, where a party to a proceeding in court presents a paper which immediately upon such presentation becomes a part of the record. No question of delivery or acceptance can, in my judgment, arise in such case. As to the point whether the giving of the appeal bond under consideration did, in point of fact or of law, stay the issuance of an execution, notwithstanding the peculiar endorsement of the justice, it is quite evident that it was given that effect by the plaintiff in that court, as no execution was issued or applied for, so far as the record shows. And had one been issued by the justice, after the filing of the bond, it would doubtless have been enjoined. · A justice of the peace doubtless has control of his own records, and has the power to reject or return a paper presented for approval

and filing clearly out of time. But when, instead of re-jecting or returning it, he endorses even a qualified ap-proval upon and places it on file, thus making it a part of the record of the case, he is in his future action bound to recognize it as such.

But while the justice is estopped by the record which he has made, the party who has procured the same to be made is equally estopped to deny its legal effect, and equally so is his bondsman or security.

The question of law involved in this case was before this court in the case of *Gudtner v. Kilpatrick*, 14 Neb., 347. The only difference between that case and the case at bar is, that there the appeal was taken in time, but the dis-trict court dismissed it, holding that the case was not ap-pealable, the judgment before the justice having been taken and rendered upon default of and in the absence of the defendant, etc. After a pretty thorough examination of authorities we held in that case that the defendants—the defendant in the justice's court as well as his security hav-ing signed the appeal bond and been sued thereon—were estopped to deny that an appeal had been taken in the case, etc., and so reversed the judgment of the district court in favor of the defendants, and I see no sufficient reason for reversing the conclusion to which we were led by the au-thorities and reasons then considered.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.