AARON B. MINER v. ALEXANDER RODGERS AND RAYMOND O'HARROW.

*Bond for payment of judgment—Condition—Appeal—Liability of obligors.*

Defendants executed and delivered to plaintiff a bond, reciting the rendition of a circuit court judgment in favor of plaintiff and against the principal in the bond, and an order for a stay of proceedings to enable such principal to settle a bill of exceptions, or move for a new trial, on condition that he file a bond in a given sum, to be approved by the clerk of the court, which sum the defendants covenanted to pay in the usual form. The bond was conditioned for the payment of the circuit court judgment if not appealed to the Supreme Court, and, in case of such appeal, to pay the judgment of the appellate court. The declaration set forth the bond, and alleged as a breach the appeal of the case to the Supreme Court, and the recovery of a judgment therein, and its non-payment by the judgment debtor.

*Held*, that the *condition* was one that the parties had a right to make, and there is no ambiguity in it, and *it* must *control* their liability rather than the *recital*, which is less specific, and does not purport to set out in detail the language of the order requiring the execution of the bond.

*Held*, further, that the affirmance of the judgment below was a sufficient judgment of the Supreme Court to support such condition.

Error to Muskegon. (Russell, J.) Argued February 9, 1887. Decided February 15, 1887.

Debt. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Cook, DeLong & Fellows,* for appellant.

*Smith, Nims, Hoyt & Erwin,* for defendant Rodgers :

Where the condition of the bond is larger than the recital, the recital shall restrain it, on the principle that the condition is to be confined to the subject-matter; the recital shows

65 MICH.—15.

what this is: *Com. v. Toms,* 45 Penn. St. 408; *Smith v. U. S.,* 2 Wall. 219, 235; *U. S. v. Thompson,* 1 Gallison, 388; *Sanger v. Baumberger,* 51 Wis. 592; *Bell v. Bruen,* 1 How. 169; *White Sewing Machine Co. v. Mullins,* 41 Mich. 339; *National, etc., Ass'n v. Conkling,* 90 N. Y. 116.

MORSE, J. The plaintiff brought suit in the circuit court for the county of Muskegon upon the following bond:

*"Circuit Court of the County of Muskegon.*

"AARON B. MINER,
     vs.     Plaintiff,
"RAYMOND O'HARROW,
        "Defendant.

"In this cause, judgment having been rendered in favor of the plaintiff on a trial thereof on the eleventh day of June, A. D. 1884, against the defendant, in the sum of fifteen hundred and fifty-seven dollars and costs, and a stay of proceedings having been ordered by said court until the first day of the next October term of said court in said cause to enable the said defendant to settle a bill of exceptions, or move for a new trial therein, on condition that the said defendant file his bond, with one surety, to be approved by the clerk, in the sum of eighteen hundred dollars, within fifteen days from said eleventh day of June; *therefore,* know all men by these presents, 'that we, Raymond O'Harrow as principal, and Alexander Rodgers as surety, are held and firmly bound unto the said plaintiff, his executors and administrators and assigns, in the sum of eighteen hundred dollars; for which payment well and truly to be made we bind ourselves, our executors, administrators, and assigns, jointly and firmly by these presents.

"Sealed with our seals and dated the twenty-sixth day of June, A. D. 1884.

"The condition of this obligation is such that if the above-bounden Raymond O'Harrow shall pay the judgment aforesaid, and the costs, and interest upon said judgment and costs, if the same shall not be appealed to the Supreme Court of this State, and if the said O'Harrow shall pay, or cause to be paid, any judgment, interest, and costs thereon in the Supreme Court of this State, in case said cause is appealed to said Court, then this obligation shall be void; otherwise of full force and effect.

                   "RAYMOND O'HARROW,
                   "ALEXANDER RODGERS."

The plaintiff declared upon the said bond, alleging as a breach of the same that after the making of the said writing obligatory, and within the time allowed by law and the rules and practice of the said circuit court, the defendant named in said writing, Raymond O'Harrow, settled a bill of exceptions, and appealed said cause and judgment to the Supreme Court, and that afterwards, at the January term of said Court in 1886, the said plaintiff did recover in said Court a judgment for the said sum of $1,557, together with the costs of said Supreme Court to be taxed, with interest on said judgment at 7 per cent. from the eleventh day of June, 1884 ;—

"Whereby, according to the terms, condition, and true intent of said writing obligatory, it became and was the duty of the said Raymond O'Harrow, the principal in said writing obligatory and the defendant in this suit, to pay the same."

That such sum, with costs and interest, was demanded of said O'Harrow on the first day of May, 1886, but was not and has not been paid by him, or any part thereof, and that said judgment still remains wholly unpaid.

A second count alleges the recovery of the judgment in the Muskegon circuit court, and the taxation of costs in the cause; that, after the judgment, the said O'Harrow obtained an order staying proceedings for a period in said order mentioned, conditioned upon the filing of a bond, with one sufficient surety, to be approved by the clerk of said court; that such order was granted for the purpose, among other things, of obtaining the benefit of removing and appealing said judgment to the Supreme Court for review; and that afterwards the said O'Harrow, for the purpose of obtaining such benefit and advantage granted and allowed to him by the said order, as well as for the purpose of staying execution upon said judgment pending a decision upon such appeal, executed the said bond, (setting it out in full).

It then alleges that the Supreme Court, at said January term of 1886, affirmed the judgment of the said circuit court,

by virtue of which action of the Supreme Court it became the duty of said O'Harrow to pay said judgment, costs, and interest; and further alleges demand and non-payment as in the first count, and consequent liability of the defendants for the penalty named in said bond.

The defendants demurred, and assigned the following special grounds, to wit:

"1. The said plaintiff does not in said declaration set up any breach of the bond therein set forth and declared on.

"2. The facts set up in said declaration show that there has been no breach of the bond therein set forth and declared on."

The circuit judge sustained the demurrer, setting forth in his order that on the argument "it having been admitted by the attorney for the plaintiff that the costs of the Supreme Court in the case of *Aaron B. Miner* v. *Raymond O'Harrow,* the case in which the bond set forth in the said declaration was given, had been fully paid, and that the claim intended to be made in said declaration is for the amount of the judgment of the court below, and costs and interest thereon," it is considered, etc.

It is contended, in an able argument in support of the ruling of the circuit judge, that the bond sued upon is not a *supersedeas* bond, and was not intended as such; that the object of the bond is set forth in the recital of the same, and that the condition cannot be enlarged beyond the recital; that the stay of proceedings and the bond were only for the purpose of giving the defendant until the first day of the October term, 1884, of the circuit court, in which to settle a bill of exceptions or move for a new trial; and that, if either one was done on or before that time, there was no breach of the bond; therefore the declaration fails to show a breach of the same, as it does not allege any failure to file a bill of exceptions within the time limited by the order.

It seems, however, that the bond has been treated in effect as a *supersedeas* bond, and that the condition of the bond is

specific and plain that the obligation shall remain in full force and effect, in case of appeal to the Supreme Court, if the judgment in said Court, with interest and costs, is not paid. We consider the condition more specific than the recital, which is a general one, and does not purport to set out in detail the exact terms or language of the order staying proceedings and requiring a bond. The condition of the obligation was one that the parties had a right to make and have made. There is no ambiguity about it. It must have been understood by the defendants, unless they failed to read it or have it read to them. It must control their liability rather than the recital.

Whether it can be regarded as a *supersedeas* bond, or one required by any statute, or even by the order of the court, is immaterial. It was one that the defendant could agree to give, and the plaintiff could agree to receive. It was given and received and acted upon, and must be held to have been executed by both of the defendants with full knowledge of the terms and import of the condition therein. The bond was given for the benefit and advantage of O'Harrow, and he cannot now escape from his obligation. *Rynearson v. Fredenburg,* 42 Mich. 412. The affirmance of the judgment of the court below was a sufficient judgment of the Supreme Court to support the condition of the bond.

The order of the court below is vacated and set aside, and the demurrer is overruled.

The usual time will be granted to plead, if desired; costs upon demurrer below, and of this Court, to plaintiff.

The other Justices concurred.