JESSE D. SKIDMORE *et al.*, Appellants, v. WILLIAM HULL *et al.*, Respondents.

St. Louis Court of Appeals, November 27, 1888.

Action: APPEAL-BOND: DISMISSAL. A dismissal in the circuit court of an appeal from a justice of the peace, on the appellee's motion, for the want of a proper affidavit, creates no bar to a suit on the appeal-bond filed in the same cause.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Smoot & Pettingill* and *Mudd & Wagner*, for the appellants.

We take the position that although no affidavit in appeal had in the first instance been filed, it was a failure to prosecute the appeal and a breach of the condition of the appeal-bond, for the defendant Wm. Hull, when the motion to dismiss his appeal was pending, not to have then filed his affidavit, because had he then filed it the appeal could not have been dismissed. R. S., 1879, sec. 3053. It was the duty of the defendant Wm. Hull to have filed the affidavit; the appeal was granted and if the appellate court acquired jurisdiction then the action will lie. *Lanius v. Cole*, 51 Mo. 147.

*McKee & Jayne*, for the respondents.

The court having adjudged, on motion by appellants, that respondent Hull had failed to file an affidavit for appeal with the justice, such judgment was *res judicata* of the fact, and they are now estopped from asserting that the affidavit had been duly sworn to by him, and the officer had simply failed and neglected to sign the *jurat*. *Buchanan v. Smith*, 75 Mo. 463; *Kennedy v. Bambrick*, 20 Mo. App. 630; Herman's Law of Estoppel, p. 10, .sec. 20; *Id.* p. 544, sec. 586. The justice of the peace having improperly granted an appeal without an affidavit for an appeal having first been filed, no jurisdiction of the cause was conferred upon the circuit court and the appeal-bond was void. *Adams v. Wilson*, 10 Mo. 341; *Garnet v. Rodgers*, 52 Mo. 145; *Smith v. Railroad*, 53 Mo. 338; *Brown v. Railroad*, 25 Mo. 123; *Moore v. Daman*, 4 Mo. App. 111; *Hussey v. Heitkamp*, 9 Mo. App. 36.

PEERS, J., delivered the opinion of the court.

This suit originated before a justice of the peace in Scotland county, Missouri, and is an action on an appeal-bond. The record discloses the following facts: On the twenty-first day of December, 1886, the plaintiff herein filed for suit, before a justice of the peace, an account against the defendant Wm. Hull, for medical services rendered, in the sum of $33.30. On the hearing, plaintiff had judgment, and in due time the defendants filed affidavit and bond praying an appeal to the circuit court, which was allowed by the justice. In taking the affidavit for appeal the justice failed to attach his signature to the *jurat* to said affidavit, and in this condition it went up with the transcript to the circuit court. When the case was called for trial in the circuit court the plaintiff moved to dismiss the appeal

for the reason that "no affidavit for an appeal was filed before the justice." The court sustained the motion and the appeal was dismissed, leaving the judgment of the justice as rendered on the account standing and in force. The plaintiffs then instituted this proceeding, seeking to recover a judgment on the original appeal-bond to satisfy their adjudged demand of $33.30 which was tried before the justice and the issues found for the defendant, and on appeal to the circuit court that finding was affirmed, and plaintiffs now bring the case here and seek a reversal of the judgment on the grounds: (1) Because the finding should have been for the plaintiffs ; (2) the court erred in refusing to admit the testimony offered by appellants in the court below; (3) because the court erred in holding that appellants were estopped from the fact that they filed a motion to dismiss appeal for want of affidavit for appeal, and so procured dismissal of appeal.

The plaintiffs offered in evidence the appeal-bond sued on, and also offered to prove by the justice of the peace that the affidavit as signed and offered in evidence was written by him and that the affiant therein signed the same, and was duly sworn at the time by the justice, and that the justice, through neglect and inadvertence, failed to sign his name to the *jurat*, was present at the trial when the appeal was dismissed, ready to correct said omission. To this testimony defendant objected on the ground of incompetency, and on the further ground that as Skidmore and Stone had procured a dismissal of the appeal in the circuit court, on the ground that no affidavit for appeal had been filed, they were now estopped from showing that such affidavit had been filed. The objection was sustained and the evidence excluded. Upon the action of the court in this particular, the case must be decided here.

We think the testimony was competent and should have been admitted. When the motion to dismiss the

appeal in the original case was pending, Hull could have filed his affidavit and the appeal could not have been dismissed. R. S., 1879, sec. 3053. This he failed to do, which was a failure to prosecute the appeal, and a breach of the conditions of the appeal-bond.

Because the plaintiffs moved to dismiss the appeal, for the lack of a proper affidavit, does not estop them from bringing an action on the appeal-bond, especially in view of the fact that the dismissal could have been avoided by filing a proper and competent bond, or supplying the omission in the one already filed, under the statute above cited.

The judgment will be reversed and the cause remanded. ROMBAUER, P. J., concurs. THOMPSON, J., is absent.