[Civil No. 350.   Filed January 28, 1893.]

[32 Pac. 262.]

## JAMES REILLY, Plaintiff and Appellant, v. T. A. AT-CHISON, Defendant and Appellee.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—MUST BE SPECIFIC.—
An assignment of error referring this court to pages 13 to 18 of the transcript is too general, and will not be considered.

2. BONDS—STATUTORY APPEAL-BOND—SURETY NOT LIABLE TO APPELLEE WHERE APPEAL WAS DISMISSED ON HIS MOTION FOR INSUFFICIENCY. —No recovery can be had upon a bond given as a statutory appeal-

bond as against a surety where the appeal was dismissed on motion of plaintiff on the ground of the insufficiency of such bond.

3. SAME—VOLUNTARY BOND — LIABILITY OF SURETIES — NECESSITY FOR ACCEPTANCE AND DELIVERY.—An appeal-bond, not good as a statutory bond, does not become binding on the sureties as a voluntary bond, because it was never accepted or delivered.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

James Reilly, *pro se.*

C. S. Clark, for Appellee.

WELLS, J.—This action grew out of the following facts: The appellant recovered a judgment in the district court of the first district against Henry T. Baldridge on the twentieth day of May, 1889, from which judgment Baldridge appealed to this court. The appeal was dismissed, upon motion of Reilly, on the ground that the purported appeal-bond was not a sufficient bond, as required by the statutes, to give this court jurisdiction to hear the appeal. The appellant above brought this action to recover against the appellee as a surety on said purported bond. Appellee had judgment, and the plaintiff appealed.

The error complained of must be specifically specified, so that the court may know upon what the appellant relies. The first assignment refers the court to pages 13 to 18 of the transcript. The assignment is too general, and will not be considered.

The other assignment is, that the court erred in deciding that the instrument sued on was not sufficient to sustain a recovery. The instrument sued on is not such a bond as is required by the statute for a bond on appeal, nor is it substantially a statutory bond. Such was the ruling of this court in dismissing the appeal in the case of Baldridge against Reilly. The dismissal was had upon the motion of said Reilly, on the ground of the insufficiency of such instrument as a bond on appeal. The bond, not being such as the

statute required, did not in law operate to stay execution on the judgment referred to in it. It was not valid as against the appellee, had he proceeded to enforce his judgment. He was not concluded by it. There was no consideration for it.

Appellant suggests that if it is not good as a statutory bond, may it not be a good voluntary bond? We do not think it meets the requirements of a valid instrument of that character. There is no obligee or payee mentioned in the instrument, nor was it delivered to and accepted by the appellee. He in no manner expressed an assent to it. If anything, the giving of the bond was antagonistic to appellee's wishes. These are essential requisites. It must be delivered by the party whose bond it is to the other. Its delivery to and filing by the clerk of the court was not such a delivery as to make it a voluntary bond. It was not such a bond as the clerk was authorized to approve; nor was he the agent of the obligee, or received it in that capacity. Without a legal delivery the surety on a voluntary obligation is not bound.

The bond not conforming to the statute, so far as to make it a statutory bond, or not becoming binding on the sureties as a voluntary bond because not delivered and accepted, the necessary conclusion is, that no recovery can be had, where a defense is made upon that ground. The judgment of the lower court should be affirmed, and it is so ordered.

Gooding, C. J., and Kibbey, J., concur.