GEORGE W. LEIDIGH V. ELIZABETH J. PRIBBLE.

FILED JUNE 4, 1902. No. 11,867.

1. **Appeal-Undertaking**: NON-RESIDENT SURETY: VALID AND EFFECTIVE. An appeal-undertaking given under section 1007 of the Code of Civil Procedure is valid and effective, although the only surety by whom it was executed is a non-resident of the county in which the action is pending.

2. ———: ———: ACTION ON UNDERTAKING: ESTOPPEL. A party who obtains a dismissal of an appeal on the ground that his adversary failed to comply with an order requiring him to furnish a resident surety on an appeal undertaking is not, in an action upon such undertaking, estopped from asserting that the bond is valid and binding upon the non-resident surety by whom it was executed.

3. **Appeal**: UNDERTAKING: SURETY: OBLIGATION. The undertaking of a surety upon an appeal bond given under the statute relative to appeals from justices of the peace is, in substance, that he will satisfy any judgment against his principal that may result from a trial in the district court or from a failure to effectively prosecute the appeal.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Affirmed.*

*Jefferson H. Broady,* for plaintiff in error.

*John S. Bishop, contra.*

SULLIVAN, C. J.

This was an action by Elizabeth J. Pribble against George W. Leidigh upon an undertaking given under the provisions of section 1007 of the Code of Civil Procedure. From a judgment in favor of the plaintiff, the defendant prosecutes error.

The facts in the case, so far as they are material to the question raised by the petition in error and discussed in the briefs of counsel, are these: Pribble sued Romine before Roberts, a justice of the peace for Lancaster county, and recovered a judgment for $23. Romine removed the case by appeal to the district court, the statutory under-

taking being signed by Leidigh as surety.  In the district
court, at the instance of Pribble, and for the reason that
Leidigh was a non-resident of Lancaster county, an order
was made requiring Romine to give an additional surety
upon the appeal bond.  This order was not complied with,
and the appeal was therefore dismissed.  Leidigh's defense
to the present action is that the plaintiff, having obtained
an order dismissing the appeal on the ground that the
bond was insufficient, is now precluded from insisting that
such bond is a valid and enforceable contract.  In our
opinion, the doctrine of estoppel has no application to the
facts of this case.  The plaintiff never contended that the
bond was void; on the contrary, its validity seems to have
been at all times conceded.  The jurisdiction of the dis-
trict court over the case by virtue of the appeal was never
questioned.  The contention of plaintiff was that she was
entitled to a resident surety, and that the defendant should
be denied a trial on the merits unless he furnished such
surety.  This view of the matter was adopted by the court
and made the basis of its action.  Whether the decision
upon the motion to dismiss the appeal was right or wrong
is not material to the question we are now considering.
It is enough for our present purpose to know that the
plaintiff's positions in the two cases are not inconsistent;
that she is not repudiating in this case the theory on which
she prevailed in the other.  The defendant's undertaking
was effective; it served some of the purposes for which
it was given; it prevented the immediate enforcement of
the judgment; it divested the justice of the peace of juris-
diction, and transferred the case to the district court for
further proceedings.  These things were beneficial to Ro-
mine, and prejudicial to the plaintiff.  The undertaking
of a surety on an appeal bond is not that he will pay if his
principal is defeated in a trial on the merits, but rather
that he will satisfy any judgment that may result from
a trial in the district court, or from a failure to effectively
prosecute the appeal.  *Flanagan v. Cleveland,* 44 Nebr.,
58.  This is made entirely clear by section 1014 of the Code

of Civil Procedure, which declares: "When any appeal shall be dismissed, or when judgment shall be entered in the district court·against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs, and damages recovered against the appellant." The order of the court dismissing the appeal ended the controversy, and gave an immediate right of action on the bond. The condition requiring the appellant to prosecute his appeal to·effect was then broken, and the damages were fixed by the section of the statute above quoted. Both on principle and authority we are satisfied that the judgment of the district court is right, and should be affirmed. *Gudtner v. Kilpatrick,* 14 Nebr., 347; *Adams v. Thompson,* 18 Nebr., 541.

AFFIRMED.