# BORTREE ET AL v. DUNKIN.
## (No. 697.)

APPEAL AND ERROR—APPEAL BONDS—SUFFICIENCY—DISMISSAL OF AP-
PEAL FOR INSUFFICIENCY—RES JUDICATA—LIABILITY OF SURETY—
DEFENSE TO ACTION—CONSTRUCTION—BRIEFS IN SUPREME COURT—
EFFECT OF FAILURE TO FILE IN TIME.

1. On a motion in the District Court to dismiss an appeal from
   a justice of the peace on the ground that the undertaking
   or bond is insufficient, the question of the sufficiency of the
   bond or undertaking for the purpose of staying execution is
   not before the court for consideration or decision, and,
   hence, the dismissal of such an appeal upon the motion
   does not constitute a determination that the bond or un-
   dertaking is insufficient for the purpose of staying execution.
2. Under Section 5261, Compiled Statutes, 1910, the only bond or
   undertaking necessary to perfect an appeal from a justice
   of the peace to the District Court in a civil case is one for
   the costs accruing up to the time of the transmission of
   the papers, including the prescribed fee for allowing the
   bill and making the transcript, and that bond is only nec-
   essary where such costs are not paid.
3. The fact that no undertaking in stay of execution has been
   given is not a ground for dismissing an appeal from a
   justice of the peace, and, therefore, if one given for that
   purpose be insufficient in form or substance, it is no ground
   for dismissing the appeal.
4. If the costs which the statute requires to be paid as a condi-
   tion to an appeal from the judgment of a justice of the
   peace have not been paid or secured by an undertaking as
   provided in Section 5261, Compiled Statues, 1910, the ap-
   peal may be dismissed.
5. Where a bond or undertaking is required to perfect an ap-
   peal or to give the appellate court jurisdiction, and the
   appellee refuses to accept or recognize as sufficient a bond
   executed and filed for that purpose, and procures a dis-
   missal of the appeal upon the ground that the bond is in-
   sufficient, the appellee cannot thereafter recover upon it,
   since the appellant would not receive the benefit sought by
   the giving of the security, the rule, however, being limited to
   cases where the appellant has by the dismissal lost the only
   benefit derived from the bond or undertaking, thus leaving
   it without any consideration.

6. When an action is brought against sureties upon a bond or undertaking given in an action or upon appeal, the validity and force of the instrument depends upon its efficacy in performing the office or accomplishing the end or result contemplated by the parties at the time it was given, and · hence, an instrument, though properly executed and filed, which for any valid reason is disregarded or fails to secure the stay or accomplish the object for which it was given, is virtually without consideration and cannot be enforced against the sureties.

7. It is not a good defense to an action upon a bond or undertaking given to stay execution pending appeal that it was insufficient for that purpose and that the appellee might for that reason have proceeded to enforce the judgment, where the appellee has not taken such action, or in some effective manner rejected the instrument for the purpose of the stay.

8. An undertaking given at the time an appeal was taken from the judgment of a justice of the peace appearing to have been intended as an undertaking to stay execution pending the appeal, and execution of the judgment having been stayed until the dismissal of the appeal, a period of 19 months, *held,* that the appellant had all the benefit that could be derived from an undertaking to stay execution, and, therefore, the appellee might maintain an action upon it after procuring a dismissal of the appeal on the ground of the insufficiency of the undertaking to secure the payment of costs and to be effectual for the purpose of the appeal.

9. In an action upon an undertaking given at the time of taking an appeal from a judgment of a justice of the peace intended for the purpose of staying execution pending the appeal, the answer alleged that the undertaking was without consideration, but it also alleged in another paragraph the facts supposed to show the absence of consideration, the said facts as alleged being that the appeal was dismissed on the ground that the bond was insufficient either as an appeal or supersedeas bond, and was declared by the judge to be void and invalid. *Held,* that the answer contained but a single defense, and that the allegation of want of consideration did not stand alone, but was to be considered in connection with the other averments stating the facts upon which the averment of want of consideration was based.

10. A defendant in error who does not file his briefs within the time allowed by the rules of the court is not entitled to be heard, but the plaintiff in error is not for that reason entitled to a reversal or modification of the judgment, nor is the court prevented from considering the questions involved and deciding the case according to its view of the law applicable thereto.

[Decided June 3, 1912.]                    (123 Pac. 913.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

H. C. Dunkin brought the suit in justice court against F. A. Bortree and A. W. Lindley on an undertaking given when appeal was taken from a justice of the peace, the appeal having been dismissed. Judgment was rendered for plaintiff and an appeal taken to the district court, where judgment was also given for plaintiff against said defendants and their surety, John Hecht. Lindley was surety on the undertaking sued on. The defendants and their surety brought error. The material facts are stated in the opinion.

*Robert P. Parker*, for plaintiffs in error.

The same fullness, certainty and formality of statement is not required in a pleading in a justice court as in the higher courts of record. (24 Cyc., 557, 561.) A general demurrer to an answer does not reach defects of form. (31 Cyc., 303; Williams v. Warnell, 28 Texas, 610.) In a suit upon a bond it is not necessary to allege consideration, and the want of consideration when set up in the answer is new matter admitted by demurrer. (1 Ency. Pl. & Pr. 819.) Plaintiff having seen fit to allege consideration, the allegation is denied by the denial in the answer. A demurrer filed by a party who has filed a prior pleading must be taken as revoking any allegation of the prior pleading inconsistent with the allegations of the pleading demurred to. (31 Cyc., 338.) The demurrer to the answer in this case admits that the bond was without consideration. An appeal bond void for want of consideration cannot be made valid by estoppel. (2 Cyc., 924.) The pleading shows that the matter in controversy

was adjudicated upon the motion to dismiss the appeal. It is inconsistent that the plaintiff should have treated the bond as insufficient and ineffectual, and then be permitted to recover upon it. Having secured the dismissal of the appeal because of the insufficiency of the undertaking the plaintiff cannot now maintain an action upon it. (Columbia &c. Co. v. Braillard, 40 Pac. 382; Reilly v. Atkinson, 32 Pac. 262; Babcock v. Carter, 67 Am. St. 197 and note.) There was no waiver of the defects in the undertaking. (2 Cyc., 923.) The bond was defective because not containing the condition required by the statute. (Comp. Stat., 1910, sec. 5261.)

*Enterline & LaFleiche,* for defendant in error.

While the undertaking was ineffectual to secure a hearing upon the appeal it did in fact operate as and did secure a stay of execution upon the judgment until the dismissal of the appeal. Hence, there was a valid consideration for the bond and the surety cannot defeat recovery upon it by alleging its invalidity. The court will take judicial notice that some time must have elapsed between the judgment and the motion to dismiss the appeal, and thus a consideration is established by reason of the stay of execution. (Morin v. Wells, 75 Pac. 688; Braithwaite v. Jordan, 5 N. D. 196, 65 N. W. 701, 31 L. R. A. 238; Hascall v. Brooks, 63 N. W. 413; Pratt v. Gilbert, 29 Pa. 965; Leidigh v. Pribble, 90 N. W. 950.) It was never contended that the undertaking was absolutely void. On the contrary, it is conceded that it acted as a stay bond until the dismissal of the appeal. The plaintiffs in error cannot be heard to complain that the undertaking is insufficient after having asserted in the district court that it was sufficient for that purpose. (Gudtner v. Kilpatrick, 15 N. W. 708, 14 Neb. 347; Adams v. Thompson, 18 Neb. 541, 26 N. W. 316; Dunterman v. Story, 40 Neb. 447; 58 N. W. 948; Cresswell v. Herr, (Colo.) 48 Pac. 155; Meserve v. Clark, 115 Ill. 530, 4 N. E. 770; Skidmore v. Hull, 34 Mo. App. 41; Moffat v. Greenawalt, 27 Pac. 296; Dry Goods Co. v. Livingston, 65 Pac. 413.)

The liability of the surety is fixed absolutely by the provisions of section 5271, Compiled Statutes, 1910.

POTTER, JUSTICE.

This action was brought in a justice's court by the defendant in error against the principal and surety upon an undertaking given upon an appeal from the judgment of a justice of the peace to the district court. The undertaking is set out in full in the written petition that was filed in the action, together with the affidavit on the bond of the appellant to the effect that the appeal was taken in good faith and not for the purpose of delay, the affidavit of the surety justifying as such, and the indorsement of the justice approving the undertaking. The undertaking, omitting the affidavits and indorsement, reads as follows:

"H. C. Dunkin,
         Plaintiff and Appellee,
         vs.
F. A. Bortree,
         Defendant and Appellant.

Action before J. F. Hoop, Justice of the Peace in and for Sheridan County, State of Wyoming.

We, F. A. Bortree, principal, and A. W. Lindley, surety, undertake and acknowledge ourselves to be held and firmly bound in the sum of Two Hundred and Seventy-five Dollars to above named appellee, that the said appellant shall prosecute his appeal to effect and without unnecessary delay, and that if judgment be rendered against said appellant, or his appeal be dismissed, he shall satisfy such judgment and costs.

Dated the 12th day of December, A. D. 1908.

                              F. A. Bortree, Apellant.
                              A. W. Lindley, Surety."

The petition alleges that on December 11, 1908, a judgment was duly rendered in favor of the plaintiff against F. A. Bortree for $120, and the costs of the action unpaid taxed at $13.40, in an action brought by the plaintiff against said Bortree then pending before J. F. Hoop, a Justice of the

Peace for Sheridan County, and that said judgment remains unpaid. That on December 12, 1908, said Bortree filed with the justice his notice of appeal to the district court of Sheridan County, and at the same time, with A. W. Lindley as surety, executed, delivered and filed in said action in said justice court the undertaking aforesaid. That upon the execution, delivery and filing of said notice and undertaking, the appeal was allowed by the justice, and on the 16th day of December, 1908, the justice transmitted and delivered to the clerk of said district court the papers in said action together with a certified transcript of the docket entries. That the said clerk thereupon, and on the same day, duly filed said papers and docketed the appeal in said district court; and that upon the execution and delivery of said undertaking the execution of said judgment became and was stayed until the appeal was dismissed. That on the 15th day of July, 1910, an order was entered in said district court in said action dismissing said appeal, and thereby the clerk was directed to certify to the justice the order of dismissal and transmit with such order all papers returned by the justice, which was accordingly done by the clerk. "That default has been made in the conditions of said undertaking in this: That the said appellant F. A. Bortree would not prosecute his appeal to effect. That the said appeal has been dismissed. That the said appellant, F. A. Bortree, has wholly failed to satisfy such judgment and costs, and that the said defendants have not, nor has either of them paid the said judgment and costs or any part thereof, although frequently requested so to do, and that there is now due the said plaintiff from the said defendants the sum of $133.40, which plaintiff claims with interest thereon from the 11th day of December, 1908, at the rate of 8 per cent per annum." Then follows the prayer for judgment.

To the petition an answer was filed alleging: "1. That the said bond, on which plaintiff bases his action, was without consideration. 2. That the said attempted appeal was dismissed in the district court upon the motion of plaintiff, H..

C. Dunkin, for the reason that said bond was insufficient either as an appeal bond or a supersedeas bond; and was declared by the judge of said court as utterly void and invalid, as no where in the bond does it appear to what court an appeal was attempted, and for other reasons." To this answer a general demurrer was filed. The justice sustained the demurrer, and the defendants failing to further plead, rendered judgment in favor of the plaintiff upon the pleadings for $152.65 against the defendants, Bortree and Lindley. The defendants appealed to the district court. That court also sustained the demurrer to the answer, and, thereupon, reciting in the order that the defendants failed and refused to further plead to the petition, judgment was entered for the plaintiff against the said defendants and John Hecht, their surety. The case is here on error.

The answer did not deny any of the facts alleged in the petition, and the principal question to be decided is, therefore, whether the fact alleged in the answer that the appeal in the action wherein the undertaking was given was dismissed upon the plaintiff's motion on the ground that the undertaking was insufficient constitutes a defense to this action upon that instrument. The answer alleged that the ground of the dismissal was the insufficiency of the undertaking as an appeal bond or as a supersedeas bond. But it is apparent from our statutes that the quetsion of the sufficiency of the bond or undertaking for the purpose of staying execution was not before the court upon the motion to dismiss the appeal, whatever the grounds stated in the motion. Section 5261, Compiled Statutes, provides that any person desiring to appeal from a judgment rendered by a justice of the peace shall within fifteen days after the rendition of the judgment file with the justice a notice of such desire, and either pay all the costs of the cause up to the time of the transmission of the papers to the district court, including one dollar and fifty cents for the transcript allowed to the justice for allowing the appeal and making a transcript, or shall give bond in double the amount of all

such costs to the effect that he will pay the same in case judgment be rendered against him therefor in the district court; "and such undertaking may be included in the undertaking in stay of execution hereinafter provided for in case such undertaking in stay shall be given." Section 5266 provides that no appeal shall operate as a stay of execution unless the party appealing shall enter into an undertaking to the adverse party with at least one good and sufficient surety to be approved by the justice, in a sum not less than fifty dollars in any case nor less than double the amount of the judgment rendered, conditioned: 1. That the applicant will prosecute his appeal without unnecessary delay. 2. That the party appealing shall abide by the decision of the district court in such case and satisfy any judgment that may there be rendered against him on account of such appeal. In case the action is forcible entry and detainer other conditions are provided for.

It is clear that the only bond or undertaking necessary to perfect an appeal is one for the costs accruing up to the time of the transmission of the papers, including the prescribed fee for allowing the appeal and making the transcript, and that bond is only necessary where such costs are not paid. The fact that no undertaking in stay of execution has been given is not a ground for dismissing the appeal, and hence if one given for that purpose be insufficient in form or substance it constitutes no ground for dismissing the appeal. For that reason the fact, as alleged in the answer, that the judge, in determining the motion to dismiss, declared the bond to be utterly void and invalid is immaterial. If the costs which the statute requires to be paid as a condition to the appeal were not paid or properly secured, then the appeal might be dismissed. Upon the allegations of the answer the only question relating to the undertaking that was before the district court on the motion to dismiss the appeal was whether the instrument was a sufficient bond for the payment of the costs in the justice's court under the provisions of section 5261.

Where a bond or undertaking is required to perfect an appeal or to give the appellate court jurisdiction, and the appellee, refusing to accept or recognize as sufficient a bond executed and filed for that purpose, procures a dismissal of the appeal upon the ground that the bond or undertaking is insufficient, it is held that the appellee cannot thereafter recover upon it. The reasoning of the decisions to that effect is that the appellant, under such circumstances, does not receive the benefit sought by the giving of the bond, viz: a hearing of the case upon appeal; and that it is inconsistent for the appellee to seek a recovery against the surety as upon a valid and binding obligation, after having declined to accept it as such and caused the appeal to be dismissed on the ground that it was not an effectual obligation for the purposes of the appeal. (Columbia P. S. R. Co. v. Braillard, 12 Wash. 22, 40 Pac. 382; Reilly v. Atchinson, 4 Ariz. 72, 32 Pac. 262; Tilden v. Worrell, 30 Pa. St. 272; Van Riper v. Scott, 11 N. J. L. 315.) And where the sureties upon an appeal undertaking were duly excepted to by the appellee and notice given requiring them to justify, which they declined to do, and thereafter appellee moved to dismiss the appeal, but the case proceeded to an affirmance of the judgment, it was held in an action brought against the sureties on the undertaking, that the sureties were discharged from liability, on the ground that their justification not having been waived the effect of their failure or refusal to justify was the same as if the undertaking had not been given. The court said: "The undertaking was tendered by the appellant and rejected by the respondent, and never perfected by the appellant." (Manning v. Gould, 90 N. Y. 476.)

The rule declaring the sureties discharged from liability upon an undertaking on appeal or for the stay of proceedings or execution where the appeal has been dismissed on the ground of the insufficiency of the undertaking is usually limited, if recognized at all, to cases where it appears that by the dismissal of the appeal the appellant has lost the only benefit to be derived from the undertaking, thus leaving it

without any consideration. By the statute of Michigan an appeal could not be dismissed on account of any informality or imperfection in the bond. But where the bond was insufficient and a final order of dismissal was entered, after an order had been made which was not complied with by the appellant that the appeal be dismissed unless a new and sufficient bond be filed within a specified time, a suit was held to be maintainable upon the bond. The court said that the lower court had no power to dismiss the appeal in the first instance, but could order a new bond, and, in default of compliance with that order, then the appeal might be dismissed. Replying to the contention that the appellee could not be heard to claim anything on the bond, after he had deliberately refused to receive it and had destroyed the only consideration for which it was given, the court said: "We are unable to agree with this contention. The bond operated as a stay of proceedings, and the party appealing had the right * * * to amend the bond or file a new one. * * * The appellant, in moving to dismiss in default of a new and sufficient bond, was only exercising his right to have a sufficient bond to cover the damages and costs, as the statute prescribes. He did not, however, in taking that action, release his rights under the former bond until the order of the court had ben complied with, and a new bond filed." (Hascall v. Brooks, 105 Mich. 383, 63 N. W. 413.) And a similar ruling was made in Missouri, where the appellant might have avoided a dismissal for a defect in the affidavit upon the bond by correcting it, or filing a proper and competent bond. (Skidmore v. Hull, 33 Mo. App. 41.) A recovery was allowed upon an appeal bond in Illinois, where the appeal was dismissed for the reason that the record had not been filed within the time prescribed by law. The bond filed had been signed by only one of the defendants and a third party as his surety, thereby not complying with the order allowing the appeal. The defendant so signing failed to prosecute his appeal to effect, as above stated, and the same was dismissed. It was said in the opinion to be well settled by

the decisions of that court that an appeal, to be effective, must be in conformity with the order allowing it; and that on the authority of those decisions it was claimed by the appellant surety that no appeal was ever taken, and that the appeal bond was, therefore, a nullity. Admitting that no appeal had been taken that would have affected the rights of the appellee, had he seen proper to disregard it; and that he might have proceeded to collect his claim as if no appeal had been attempted, or that he might have appeared in the appellate court and had the appeal dismissed on the ground that it was not taken by both defendants—or in conformity with the order allowing it, the court said: "Appellee did so appear, and on his motion the appeal was dismissed, on·the ground that the record had not been filed in time. Thus it will be seen that both parties treated the * * * filing of the bond, as an appeal * * * and it is so treated and characterized in the proceedings of this court. * * * These facts considered, the question is not whether the appeal was properly taken, for it is conceded it was not; but the question is, ought the appellant, in a suit upon the bond, be heard to say that no appeal was ever taken? Upon what principle· can she be permitted to question the truth of the recitals in that instrument? * * * We see no reason why the bond is not valid as a voluntary contract." (Meserve v. Clark, 115 Ill. 580, 4 N. E. 770.) In Montana, where a bond was necessary to perfect an appeal and when given would also operate as a stay of execution, and, a bond having been given the appeal was dismissed for reasons not appearing, it was held although the appellee had excepted to the sureties and by stipulation extended the time for justification, and one of the sureties justified within the stipulated time, that the stay of proceedings was a sufficient consideration for the bond. The court say: "We cannot say that it (the bond) was not in all respects sufficient after appellant became surety to it; but, whether that be so or not, the record shows that he signed it on the 22nd day of October, and that the appeal was not dismissed until the 19th day of April fol-

lowing. The presumption is that appellant received the benefit of having a stay of proceedings between the last mentioned dates." (Morin v. Wells, 30 Mont. 76, 75 Pac. 688.) In Swofford Bros. Dry Goods Co. v. Livingston, 16 Colo. App. 257, 65 Pac. 413; Gudtner v. Kilpatrick, 14 Neb. 347, 15 N. W. 708, and Stephens v. Miller, 80 Ky. 47, though the case was not appealable, the sureties were held estopped from denying that an appeal was taken. In the Colorado case it was said: "There was no appeal, and all the proceedings by means of which an appeal was attempted were void. But, conceding to the defendants that the appeal bond is not a compliance with the statute, and that everything done in conection with the attempted appeal was a nullity, they are not, therefore, excused from liability on their bond. That the bond fails of conformity with the statute is not, of itself, available as a defense. * * * The defendants executed this bond voluntarily. The appeal they sought was allowed, and the bond approved. The stay of execution which resulted was an adequate consideration for the obligation. No condition of the bond is against public policy, or forbidden by the statute; and, as a common-law obligation, it is valid and enforceable in accordance with its terms. The bond was executed for the purpose of staying proceedings upon the judgment. It accomplished its purpose." In Adams v. Thompson, 18 Neb. 541, 26 N. W. 316, the surety was held liable although the appeal had been dismissed for the reason that the bond had been filed with the justice after the expiration of the time limited for that purpose. The court remarked that it cannot generally be said that when the appellant fails to obtain a new trial he fails in the whole object and purpose of the appeal, for he has usually enjoyed the benefit of the stay of execution. In the later Nebraska case of Dunterman v. Storey, 40 Neb. 447, 58 N. W. 949, for the reason that no bill of exceptions was settled the appellate proceedings were never instituted, but it was held that the surety was not discharged. And in Leidigh v. Pribble, 64 Neb. 860, 90 N. W. 950, it was held that a non-resident surety was

liable upon an appeal undertaking notwithstanding that the appellee had secured an order in the appellate court requiring the appellant to give an additional surety, and, upon the non-compliance with that order, obtained a dismissal of the appeal. The positions taken by the plaintiff in the two cases were said not to be inconsistent; that the undertaking had served some of the purposes for which it was given. "It prevented the immediate enforcement of the judgment. It divested the justice of the peace of jurisdiction, and transferred the case to the district court for further proceedings."

The general rule upon the subject is expressed in Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194, as follows: "When an action is brought against sureties upon a bond or undertaking given in an action, or upon appeal, the validity and force of the instrument depends upon its efficacy in performing the office or accomplishing the end or result contemplated by the parties at the time it was given. An instrument though properly executed and filed, which for any valid reason is disregarded or fails to secure the stay or accomplish the object for which it was given, is virtually without consideration and cannot be enforced against the sureties. When an undertaking on appeal to stay proceedings upon the judgment appealed from fails for any legal reason to secure the stay, and the judgment is enforced as if the bond had not been given, the sureties cannot be held liable." But it was held upon the facts in that case that the purpose of the undertaking had been accomplished, for it secured the stay that was sought, and, therefore, it was founded upon a good consideration, and the parties suing upon it were entitled to recover.

It is not a good defense to an action upon a bond or undertaking given to stay execution pending appeal, that it was insufficient for that purpose and that the appellee might for that reason have proceeded to enforce the judgment, where the appellee has not taken such action, or in some other effective manner rejected the instrument for the purpose of the stay. In the notes to the case of Babcock v. Carter, 67

Am. St. Rep. 193, 199, it is said: "So far as we have been able to discover, the courts have unhesitatingly, and with entire unanimity, overruled defenses of this character, and have regarded the fact that no proceedings were taken to enforce the judgment as sufficient evidence that the bond had accomplished the object for which it was given, namely, to procure a stay of the execution, and such being the case, that it is supported by a sufficient consideration and enforceable against the sureties as a common-law obligation: Railsback v. Greve, 58 Ind. 72; Miner v. Rodgers, 65 Mich. 225, (31 N. W. 845); Granger v. Parker, 142 Mass. 186, (7 N. E. 785); Adams v. Thompson, 18 Neb. 541, (26 N. W. 316). Independently of any statute upon the subject, the sureties on an appeal bond, if the appellant or plaintiff in error had the benefit thereof and of the stay contemplated thereby, are estopped from urging any irregularity or insufficiency therein; and, if the undertaking is not good as a statutory undertaking, it is always held valid and enforceable against the sureties as a common-law obligation." See also Coughran v. Sundback, 13 S. D. 115, 82 N. W. 507, 79 Am. St. Rep. 886.

It is not necessary to decide in this case whether a surety upon a mere cost bond given pursuant to the provisions of section 5261 to avoid the immediate payment of the costs and perfect the appeal would be discharged from liability upon a dismissal of the appeal upon the ground that the bond was insufficient. Nor is the question here to be decided whether the bond in question was sufficient as a cost bond to take the place of the payment of the costs, for the order of the court in dismissing the appeal in the action wherein the bond or undertaking was given is not here for review. The petition alleges that the costs were not paid, and it may be that the undertaking was intended to secure their payment, and thus perfect the appeal. But whether it was so intended or not, it was plainly intended as an undertaking to stay execution during the pendency of the appeal. The petition alleges the fact that execution of the judgment was stayed until the

appeal was dismissed, and this is not denied by the answer. The undertaking was filed December 12, 1908, and the appeal was dismissed July 15, 1910. There is no allegation in either the petition or answer that the plaintiff took any steps during the period between those dates to collect the judgment. It appears, therefore, that execution was stayed for a period of nineteen months. A stay of execution having been one of the purposes of the undertaking, and if not its only or chief purpose, at least an important one, the appellant had all the benefit that could be derived from giving an undertaking for such purpose. There is nothing inconsistent on the part of the plaintiff in bringing this action upon the undertaking after he had procured a dismissal of the appeal on the ground of its insufficiency as a bond to secure the payment of the costs which had accrued in the justice's court, for an effectual bond for that purpose was necessary to the appeal if the costs were not paid, while an undertaking to stay execution was not. The statute provides that when an appeal shall be dismissed or quashed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking, if there be an undertaking, shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant. (Comp. Stat., 1910, sec. 5271.) We think the principle to be applied is the same as though the appeal had been dismissed for any other reason than that alleged in the answer, as, for example, if it had been dismissed for the non-payment of the costs where no attempt was made to give a cost bond.

We understand counsel for plaintiffs in error to contend that the averment in the answer that the bond was without consideration alone constituted a good and sufficient defense, since pleadings in a justice's court are not to be construed as strictly as in a court where written pleadings are required, and that it was error for that reason to sustain the demurrer, even if the other allegations of the answer were not sufficient as a defense. But the allegation that the bond was without

consideration does not stand alone, nor is the fact stated as a separate defense. We read the answer as containing a single defense, and the paragraph numbered 2 as stating the fact -showing the alleged absence of consideration. Beyond that no other reason upon which to base the allegation of the want of consideration is suggested in the brief than that above considered.

The brief of counsel for defendant in error was not filed within the time required by the rules, and the time does not appear to have been extended; and for that reason counsel for plaintiff in error filed a motion to strike such briefs from the files. The briefs not having been filed within the time allowed, defendant in error was not entitled to be heard. The case was taken under advisement upon such motion and the merits without oral argument. A strict application of the rule entitles counsel to have his motion to strike the opposing briefs from the files sustained, and it may be so ordered: That does not, however, entitle the plaintiff in error to a reversal or modification of the judgment, or prevent the court from considering the questions involved and deciding the case according to its view of the law applicable thereto.

For the reasons above stated, we think that the demurrer to the answer was properly sustained and that the judgment for the plaintiff below was proper upon the facts alleged. The judgment will be affirmed.

BEARD, C. J., and SCOTT, J., concur.