Dunterman v. Storey.

JOHN H. DUNTERMAN ET AL. V. JOSEPH STOREY.

FILED MAY 2, 1894.  NO. 5561.

1. **Estoppel**: SUPERSEDEAS BONDS: RECITALS: SURETIES. The surety in a supersedeas bond, which recites that his principal had filed in the supreme court a transcript and petition in error to obtain the reversal of the judgment which said bond was given to supersede, is estopped, in a suit on such bond, from alleging that no such transcript and petition in error had, at the time of the execution of said supersedeas bond, been in fact filed in the supreme court.

2. **Review**: SUPERSEDEAS BONDS: FAILURE TO PROSECUTE APPEAL: LIABILITY OF SURETIES. For the purpose of enabling his principal to prosecute proceedings in error in the supreme court for the reversal of a judgment rendered against him, a surety executed a supersedeas bond, conditioned that he would "pay the condemnation money and costs in case such judgment should be affirmed in whole or in part." The surety's principal neglected for more than one year after the rendition of the judgment to institute any proceedings whatever in the supreme court for its reversal. *Held*, That such failure operated as an affirmance of the judgment.

3. **Judgments**: STAY OF EXECUTION. A judgment is the final and solemn adjudication and determination of the rights of the parties in and to the subject-matter litigated; and a creditor on obtaining judgment is entitled to an immediate execution for the satisfaction thereof, unless such execution is stayed by compliance with the provisions of the statute therefor.

4. **Appeal**: DISMISSAL IN APPELLATE COURT: AFFIRMANCE. The general rule is that the dismissal of an appeal from an appellate court without an examination of the case upon its merits operates as an affirmance of the judgment appealed or attempted to be appealed from.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

See opinion for statement of the case.

*Batty, Casto & Dungan*, for plaintiffs in error:

The surety on the supersedeas bond should be bound only in the event of an actual affirmance of the judgment in whole or in part. He has a right to stand upon the strict construction of the language of the bond. (*Drummond v. Husson*, 14 N. Y., 60; *Watson v. Husson*, 1 Duer [N. Y.], 242; *Gregory v. Obrian*, 13 N. J. Law, 11; *Wilson v. Churchman*, 6 La. Ann., 468; *Duncan v. McGee*, 7 Yerg. [Tenn.], 103; *Ashley v. Brasil*, 1 Ark., 144; *Malone v. McClaine*, 3 Ind., 532; *Ovington v. Smith*, 78 Ill., 250; *Lang v. Pike*, 27 O. St., 498; *Miller v. Stewart*, 9 Wheat. [U. S.], 680; *State v. Medary*, 17 O., 565; *Leggett v. Humphreys*, 21 How. [U. S.], 66; *Manufacturers Bank v. Cole*, 39 Me., 188; *Henderson v. Marvin*, 31 Barb. [N. Y.], 297.)

*Capps & Stevens* and *W. P. McCreary*, contra, cited: *O'Dea v. Washington County*, 3 Neb., 118; *Casey v. Peebles*, 13 Neb., 7; *McConnel v. Swailes*, 2 Scam. [Ill.], 571; *Gudtner v. Kilpatrick*, 14 Neb., 348; *Adams v. Thompson*, 18 Neb., 541; *Sutherland v. Phelps*, 22 Ill., 92; *Love v. Rockwell*, 1 Wis., 331.)

RAGAN, C.

On the 25th day of November, 1889, Joseph Storey recovered a judgment in the district court of Adams county, Nebraska, against John H. Dunterman. On the 9th day

of January, 1890, Dunterman, as principal, and Jacob Bernhart, as surety, executed and filed in the office of the clerk of the district court a supersedeas bond in words and figures as follows:

"Whereas, on the —— day of ——, 1890, John Dunterman has filed in the supreme court his transcript and petition in error to obtain a reversal of a judgment rendered in the district court of Adams county on the 25th day of November, 1889, in favor of Joseph Storey and against John H. Dunterman, for the sum of $621.36 and for costs of suit pending therein, wherein said Joseph Storey was plaintiff and John H. Dunterman was defendant:

"Now, therefore, we, John H. Dunterman, as principal, and Jacob Bernhart, as surety, do hereby undertake to said Joseph Storey, in the sum of $1,250, that said John H. Dunterman will pay the condemnation money and costs in case said judgment shall be affirmed in whole or in part."

The bond was approved by the clerk of the district court on the day of its execution. This suit was brought by Storey against Dunterman and Bernhart on said bond. Storey in his petition alleged the recovery of the judgment against Dunterman; the execution, delivery, and approval of the aforesaid supersedeas bond by Dunterman and Bernhart; its filing with and approval by the clerk of the district court of Adams county. The petition further alleged that more than a year had elapsed since the making of the last final order and judgment in the case of Storey against Dunterman in the district court of Adams county; that no bill of exceptions had ever been settled in said case, and that no proceedings in error or appeal are now pending in the supreme court of Nebraska from the said judgment, whereby the same has been wholly affirmed, unreversed, and unmodified, and the conditions of said obligation have become absolute and payable; that Dunterman was wholly insolvent and had no property

33

out of which the money due on said judgment could be made. Dunterman did not appear in the case. Bernhart filed an answer in which he admitted the recovery of the judgment by Storey against Dunterman; the execution, delivery, and approval of the supersedeas bond; and that more than a year had elapsed since the making of the last final order and judgment in the case of Storey against Dunterman, and that no bill of exceptions had ever been settled in the case; and admitted that no proceedings on appeal or error were pending in the supreme court from said judgment. Bernhart also in his answer said: "Denies that the same [the judgment] has been wholly affirmed, unreversed, and unmodified, and denies that the conditions of said obligation have become absolute and payable." The eighth paragraph of Bernhart's answer was as follows: "As a further answer this defendant alleges the fact to be that no appeal was ever initiated in the case of Storey against Dunterman; that no petition in error was ever filed in the supreme court of Nebraska and that no proceedings whatever, either in error or on appeal, were had in said cause of Storey v. Dunterman from the final order and judgment of the district court of Adams county, therein." There was the further suggestion in Bernhart's answer that the petition of Storey did not state a cause of action. To this answer Storey filed no reply, but submitted a motion for judgment on the pleadings. The district court, in response to this motion, rendered a judgment for Storey for the amount of his judgment against Dunterman, with interest and costs, and Bernhart brings the case here on error.

1. Does Storey's petition state a cause of action? It must be confessed that the petition is not a model by any means, but we think it states a cause of action.

2. The allegation in Bernhart's answer that, as a matter of fact, no proceedings to review on error or appeal the judgment rendered in favor of Storey were ever instituted

Dunterman v. Storey.

in the supreme court, not being denied by Storey in a reply, must of course be taken as true; but Bernhart, having solemnly asserted in the supersedeas bond which he executed and filed with the clerk that Dunterman had prior to that time filed in this court a transcript and petition in error to obtain the reversal of the Storey judgment, is now estopped from disputing the truth of that statement. In *Hundley v. Filbert*, 73 Mo., 34, it was held that "the obligors in a delivery bond which recites a levy of execution are estopped in an action on the bond from pleading that there was no levy." In *Gudtner v. Kilpatrick*, 14 Neb., 347, a suit was brought on an undertaking entered into for the purpose of appealing from the judgment of a justice of the peace, and it was there ruled that the defendants were estopped to deny that an appeal had been taken in the case in contradiction of their undertaking executed in conformity to the statute for the purpose of perfecting an appeal, although no appeal lay from the judgment rendered. (See, also, *Adams v. Thompson*, 18 Neb., 541; *Love v. Rockwell*, 1 Wis., 331; *Pierce v. Banta*, 31 N. E. Rep. [Ind.], 812.) The case then stands precisely as if Dunterman had filed a transcript of the Storey judgment and a petition in error in this court, and this brings us to another contention of the counsel for the plaintiff in error, viz.:

3. That as the petition alleged that the Storey judgment had been affirmed and the supersedeas bond had been forfeited, and that these allegations were denied by the answer, that the court could not render a judgment in favor of Storey without evidence to support such allegations of the petition. If counsel for the plaintiff in error in his answer had stopped after denying that the Storey judgment had been affirmed, his contention would be correct; but he went further, and pleaded as a defense that no proceedings in error of any nature looking to a reversal of the Storey judgment were ever had or filed in this court. This allegation was not denied by Storey, and it then stood admitted

of record that the judgment was in the same plight as when pronounced by the district court. The denial in the answer of the affirmance of the judgment and the averment that no proceedings had ever been taken to reverse it, coupled with the other admissions in the pleadings, that more than a year had elapsed since its rendition, if not inconsistent defenses, amounted to the pleader's conclusion that the failure of Dunterman to take any step toward reversing the judgment did not amount as a matter of law to an affirmance of the same.

4. The bond which Bernhart signed provided that he would pay the condemnation money and costs in case said judgment should be affirmed in whole or in part. So, then, we have the question as to whether the failure of Dunterman to institute, or attempt to institute, in this court any proceeding for a reversal of the judgment for more than one year after its rendition amounted to an affirmance of it. We are cited by the counsel for the plaintiff in error to *Drummond v. Hussen*, 14 N. Y., 60, to sustain the contention of counsel that such failure on the part of Dunterman did not affirm the judgment. In that case the bond signed by the surety was in the following language: "Now we, the subscribers, hereby undertake that if the judgment appealed from, or any part thereof, be affirmed, the appellant will pay the," etc. This bond was said by Selden, J., who delivered the opinion of the court, to be in the precise language of section 335 of the New York Code. It appears from the opinion that the appeal was filed and docketed in the court of appeals and was dismissed for want of prosecution. In the suit on the bond the dismissal of the appeal from the appellate court was made the sole ground of defense, and the court of appeals sustained the defense made, holding that "a dismissal of the appeal for want of prosecution is clearly not an affirmance of the judgment. This court has decided nothing whatever in respect to the validity of the judgment." This case from New York is in

point; but we are constrained to say that we do not think it sound. The opinion of the court proceeds on the theory that in order to the affirmance of a judgment appealed from the appellate court must hear or examine the case appealed, deliberate thereon, and reach the same conclusion that the court below reached and render a formal judgment of affirmance. This case, so far as we have been able to ascertain from a somewhat extended examination of the reported decisions, stands alone and is certainly not in line with the weight of authority. The general rule is that the dismissal of an appeal from an appellate court without an examination of the case upon its merits operates as an affirmance of the judgment appealed or attempted to be appealed from. In *McConnel v. Swailes*, 2 Scam. [Ill.], 571, the supreme court of Illinois said: " The dismissal of an appeal or *certiorari* is equivalent to a regular technical affirmance of the judgment of the court below so as to entitle the party to claim a forfeiture of the bond and have his action therefor." In *Sutherland v. Phelps*, 22 Ill., 92, it was said: " The dismissal of an appeal is equivalent to an affirmance of the judgment." In *Clark v. Miles*, 2 Pinn. [Wis.], 432, the supreme court of Wisconsin said: " Where an appeal is dismissed, the party who brought it, with his sureties in the recognizance, will be immediately liable thereon for the amount of the judgment rendered by the justice." In *Ellis v. Hull*, 23 Cal., 161, it was held: " Where an appeal is taken to the supreme court from a judgment, by filing notice of appeal and undertaking, and the appeal is afterwards dismissed by the supreme court for failure of the appellant to send up a transcript, the sureties are liable on the undertaking on appeal." To the same effect are *Healey v. Newton*, 55 N. W. Rep. [Mich.], 666; *Shannon v. Dodge*, 32 Pac. Rep. [Col.], 61; *Pratt v. Gilbert*, 29 Pac. Rep. [Utah], 965. It is true that the contract of a surety is to be construed strictly in his favor, but such a construction as the one contended for in this case would be

Dunterman v. Storey.

too technical. Bernhart promised that if the judgment
rendered against Dunterman should be affirmed in whole
or in part he would pay it. This was, in effect, a promise
on his part to pay the Storey judgment unless the supreme
court should reverse it. Bernhart cannot allege as a de-
fense the failure of his principal to successfully and prop-
erly prosecute his petition in error. (*Pierce v. Banta*, 31 N.
E. Rep. [Ind.], 812.)

5. By the execution and filing of the supersedeas bond
Bernhart took one step in the proceedings to have reviewed
on error the Storey judgment. He then abandoned all
further attempts to reverse the judgment, thus leaving it in
full force. The judgment, then, is in the same plight that
it would have been had Bernhart filed his transcript of the
record of said judgment and bill of exceptions in this court
and then had neglected to have a summons in error issued
within one year from the date of the judgment and this
court had dismissed such error proceeding. We have al-
ready seen that had this court dismissed the error proceed-
ings, by reason of the failure of Bernhart to comply with
some requirement necessary to a review of the judgment
on error, the dismissal of the proceedings would in effect
be an affirmance of the judgment rendered. Is not the
effect on the judgment just the same, whether proceedings
in error be instituted and then dismissed without an exami-
nation of the case upon its merits, or whether the judgment
debtor, after taking one or more steps looking towards re-
viewing the judgment on error, abandons the proceedings?
A judgment debtor, by filing a supersedeas bond with the
clerk of the district court and a petition in error in this
court, stays the execution of the judgment at least for one
year from the date of its rendition, as the filing in this
court of the petition in error does not invest this court with
jurisdiction over the person of the judgment creditor. For
this purpose it is necessary that a summons in error shall
be issued within a year from the date of its rendition,

although it may be served afterwards.    Now, if the conten-
tion of counsel for the plaintiff in error be correct, a judg-
ment debtor, by filing a supersedeas bond with the clerk of
the court and a petition in error here, may stay the execu-
tion of the judgment for a year, and then, by voluntarily
abandoning the proceedings in error, or by failing to have
a summons in error issued, may thus deprive the judgment
creditor of the power of collecting his judgment for the length
of time intervening between its rendition and the dismissal
of the error proceedings, and at the end of that time leave
the judgment creditor with no more security for the collec-
tion of his judgment than he had on the date of its rendi-
tion.    Such a construction of the statute would deprive
the judgment creditor of the very rights given him by the
statute.    It would be in effect a judicial enactment of a stay
law without bond.    A judgment is the final and solemn
adjudication and determination of the rights of the parties
in and to the subject-matter litigated, and a creditor on ob-
taining a judgment against his debtor is entitled to an im-
mediate execution for the satisfaction of such judgment,
unless the judgment debtor stays such execution by com-
plying with the provisions of the statute therefor.    Dun-
terman and Bernhart, having taken such steps looking to
a review of the judgment on error as to deprive Storey of
the right to execution, cannot be heard to say that they are
not liable upon the supersedeas bond  because they did not
take all the steps necessary to a review of the judgment on
error and have it reviewed and examined by this court on
its merits.    It is true that Storey was not deprived of the
right to issue an execution until a petition in error should
be filed in this court.    As a matter of fact no petition in
error was ever filed, and therefore, as a matter of fact, there
never was a time after the rendition of such judgment
when Storey might not have had an execution issued
thereon; but as a matter of law, by the asseverations of
Dunterman and Bernhart in their supersedeas bond, and

which statements they are estopped to deny, a petition in error was on file to review the Storey judgment on the date of the filing with the clerk of the district court of the supersedeas bond. It does not appear from the record whether Storey knew, as a matter of fact, that no such petition in error had been filed in the supreme court; nor do we think it material. He had a right to rely upon the statement of Dunterman and Bernhart made in their supersedeas bond, that such petition in error was on file here, and he was under no obligation to inquire of the clerk of this court as to whether such petition in error had been filed. The judgment of the district court is

AFFIRMED.