JOHN FLANNAGAN v. ROYAL C. CLEVELAND.

FILED FEBRUARY 19, 1895.    No. 5874.

1. **Appeal Bonds:** RECITALS: ESTOPPEL. The signers of an undertaking in appeal are estopped in a suit upon such undertaking from making the defense that no appeal was in fact perfected. *Gudtner v. Kilpatrick,* 14 Neb., 347; *Adams v. Thompson,* 18 Neb., 541; *Dunterman v. Storey,* 40 Neb., 447, reaffirmed.

2. **Damages:** ACTION ON APPEAL BOND: FAILURE TO PERFECT APPEAL. An undertaking in appeal provided that the defendant in the judgment "would prosecute his appeal to effect and without unnecessary delay," and that if judgment should be adjudged against him on appeal the signers of the undertaking would satisfy such judgment and costs. No transcript of the proceedings had in the court where the judgment was rendered was ever filed in the appellate court and no appeal ever perfected.

In a suit by the judgment creditor against the signers of said undertaking, *held*, (1) that the signers of the undertaking promised in effect to make good to the judgment creditor his judgment if it should remain unreversed; (2) the failure to perfect the appeal operated as an affirmance of the judgment rendered; (3) that the promise of the signers of the undertaking had been broken; (4) that the measure of damages of the judgment creditor was the amount due upon the judgment.

3. Judgment Against Principal and Surety: Entry. The provisions of section 511 of the Code of Civil Procedure are not applicable to a judgment rendered against the signers of an undertaking on appeal.

4. Principal and Surety: Appeal Bonds. The liability of the signers of an appeal undertaking as between them and the judgment creditor is that of principal debtors.

5. Action on Appeal Bond: Defense. In a suit against the signer of an appeal undertaking the fact that the judgment debtor has proj erty out of which the judgment creditor could satisfy his judgment is not a defense in a suit at law.

6. ———: Execution: Condition Precedent. The issuing of an execution and its return unsatisfied is not a condition precedent to the right of a judgment creditor to maintain an action against the signer of an appeal undertaking executed to enable the the judgment debtor to appeal.

Error from the district court of Douglas county. Tried below before Davis, J.

*David Van Etten*, for plaintiff in error.

*John P. Breen, contra.*

Ragan, C.

Before a justice of the peace in Douglas county Royal C. Cleveland obtained a judgment against C. D. May, H. L. May, and J. W. Cooper. Within ten days after the rendition of such judgment, Charles E. Seibert and John F. Flannagan executed before, and had approved by, said justice of the peace an appeal undertaking reciting the recovery of said judgment by Cleveland against May, and May

and Cooper, that the latter intended to appeal the case to the district court, and promising that they would prosecute their appeal to effect, and without unnecessary delay; and that said May, and May and Cooper, if judgment should be adjudged against them on appeal, would satisfy such judgment and costs.

No transcript of the proceedings had before said justice of the peace was ever filed in the office of the clerk of the district court, and no attempt seems to have been made to perfect an appeal from said judgment. After more than thirty days from the rendition of said judgment, Cleveland obtained a certificate from the clerk of the district court of Douglas county, certifying that there had been entered in his office no appeal of said case, and thereupon the justice of the peace issued an execution on the judgment against May, and May and Cooper, which was returned wholly unsatisfied. Cleveland then brought a suit before a justice of the peace on said appeal undertaking against Seibert and Flannagan. Flannagan was duly served with process in that action, but the officer returned that Seibert could not be found in Douglas county. Cleveland recovered a judgment against Flannagan, and the latter appealed. After the appeal to the district court, no service was had upon Seibert, and he did not appear either in person or by attorney. A trial was had which resulted in a verdict and judgment in favor of Cleveland against Flannagan, and the latter brings the case here for review.

1. The first assignment of error here is that as the appeal from the justice of the peace was never perfected, the action will not lie. Or, to state it differently, that the promise of Seibert and Flannagan was, that they would satisfy whatever judgment might be recovered against May, and May and Cooper in the appellate court, and that as the appeal was never perfected, and no judgment was ever rendered against them in the appellate court, that Seibert and Flannagan have not broken their promise. This precise

question was before this court in *Adams v. Thompson*, 18 Neb., 541, and it was there held, that the signers of an undertaking in appeal are estopped in a suit upon such undertaking from making the defense, that the appeal was not in fact perfected. (See, also, *Gudtner v. Kilpatrick*, 14 Neb., 347; *Dunterman v. Storey*, 40 Neb., 447.) By the undertaking in suit, Seibert and Flannagan promised that May, and others, would prosecute their appeal to effect, and without unnecessary delay. This they have not done, nor attempted to do, and the promise made by the signers of this undertaking has been broken, and Cleveland's measure of damages is the amount due upon the judgment. At the date of the rendition of the judgment by the justice of the peace, Cleveland was entitled to an execution for the satisfaction of such judgment. Seibert and Flannagan, by the execution of the appeal undertaking, deprived Cleveland of the right to have his judgment satisfied by an execution against the property of May and others. And the effect, if not the language, of their promise was to make good to Cleveland his judgment if it should remain unreversed.

2. At the close of the evidence counsel for the plaintiff in error moved the court to dismiss the action at the costs of Cleveland for failure to prosecute the action as against Seibert. The overruling of this motion is the second error assigned here. One of the defenses made by Flannagan to this action in the district court was that at the time Cleveland instituted this suit before the justice of the peace, and at the time of the trial in the district court Seibert, was a resident of Douglas county, and that Cleveland had made no effort to obtain service upon him, or, in the language of the 4th subdivision of section 430 of the Code of Civil Procedure, that Cleveland had failed to prosecute the action with diligence against Seibert. If the constable made a false return to the summons issued for Seibert and the plaintiff in error has been damaged thereby, he has his remedy against the constable and the sureties on his official

bond, but we cannot say that the district court erred in overruling the motion under consideration. Whether or not Cleveland had failed or was failing to prosecute Seibert with diligence was a question of fact for the district court, to be determined as any other question of fact from the evidence before it. There is no evidence in the record that Seibert was a resident of Douglas county at the time Cleveland instituted the suit on this appeal undertaking before the justice of the peace, nor at any time since that date.

3. The third contention of the plaintiff in error is that the judgment rendered in this action is contrary to law because the clerk of the district court, in recording the judgment, has not certified that May and others were the principal debtors, and Flannagan and Seibert sureties, in accordance with the provisions of section 511 of the Code of Civil Procedure. But that section has no application to a judgment rendered against parties who execute an appeal undertaking. The liability of the signers of an appeal undertaking as between them and the judgment creditor is that of principal debtors. (Code of Civil Procedure, sec. 1014.)

4. Another contention is that the judgment is wrong because Cleveland had not tried in good faith to collect the judgment against May and others from them or their property. Plaintiff in error made this one of the defenses to this action, and was permitted by the district court to introduce evidence tending to show that May and others owned some property in Douglas county. The evidence offered, however, did not show that May and others had any property liable to execution at any time after the judgment was rendered against them in favor of Cleveland. And, as already stated, Cleveland had caused the justice of the peace, before whom his judgment was rendered, to issue an execution against May and others, and the officer had returned this execution unsatisfied. This defense then of the plaintiff in error entirely failed. But where a party

executes an appeal undertaking, in a suit against him on such undertaking, the fact that the judgment debtor has property out of which the judgment creditor could satisfy his judgment is not a defense; and the issuing of an execution and its return unsatisfied is not a condition precedent to the right of the judgment creditor to maintain an action against the signers of an appeal undertaking executed to enable the judgment debtor to appeal from such judgment. (*Anderson v. Sloan,* 1 Col., 484.)

There is no error in the record and the judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.