## STARR *et al.* v. McCLAIN *et al.*

No. 4997.   Opinion Filed July 13, 1915.

Rehearing Denied September 7, 1915.

(150 Pac. 666.)

1.   **APPEAL AND ERROR—Right of Appeal—Supersedeas Bond— Necessity—Purpose.** Under the statutes of this state, an appeal will lie from the district, superior, or county courts to the Supreme Court without entering into a supersedeas bond. The only purpose and effect of such bond is to stay execution, or other proceedings to enforce the judgment.

2.   **SAME—Supersedeas Bond—Right of Action.** After the time has expired for appeal, and the judgment has become final, and not paid, or otherwise stayed, an action will lie on a statutory supersedeas bond, conditioned for the payment of "the condemnation money and costs, in case the judgment or final order shall be affirmed in whole, or in part," even though the appeal has not been perfected, or fails for want of prosecution.

3.   **SAME—Action on Bond — Petition — Sufficiency Against De-murrer.**   In an action on an appeal or supersedeas bond, it is necessary to allege that the judgment in which said bond is given has not been paid, and that the time for taking appeal has expired; and, in case said petition does not allege such facts, it does not state facts sufficient to constitute a cause of action, and a demurrer thereto on that ground should be sustained.

(Syllabus by Robberts, C.)

*Error from County Court, Rogers County,*
*H. Tom Kight, Judge.*

Action by Hattie J. McClain and others against A. N. Starr and others.   Judgment for plaintiffs, and defendants bring error.   Reversed and remanded.

*H. Jennings,* for plaintiffs in error.

*W. H. Bassman,* for defendants in error.

Opinion by ROBBERTS, C.   On the 29th day of December, 1909, the defendants in error recovered judgment for $90 against W. T. Taylor, before a justice of the peace in Rogers county.   The defendant appealed to the county court, and in so doing entered into an appeal bond with A. N. Starr, one of the plaintiffs in error herein, as sole surety.   The case was tried in the county court, and judgment rendered for plaintiffs.   Thereupon, evidently with the intention to appeal said case to the Supreme Court, the defendant executed a supersedeas bond, with plaintiffs in error B. H. Hester and E. M. Eaton as sureties.   For some reason the case was not appealed to this court, and evidently the judgment in the county court became final.   Thereafter the judgment creditors, who are defendants in error herein, commenced an action in the county court against A. N. Starr, surety on the appeal bond, and B. H. Hester and E. M. Eaton, sureties on the supersedeas bond, said action being based on both

of said undertakings. The petition in said case is as. follows:

"Come now the above-named plaintiffs, and for cause of action against the defendants allege and state:

"First. That on the 29th day of December, 1909,. these plaintiffs obtained a judgment against one W. T. Taylor in a suit entitled Hattie J. McClain and Sarah V. McClain, by Their Next Friend and Natural Guardian,. Mrs. W. B. Kittermann, v. W. T. Taylor, Defendant, in civil case No. 279, before E. J. Humphrey, justice of the peace, in the sum of $90, together with an attorney fee of $10, as is evidenced by a certified copy of the transcript in such case hereto attached, marked 'Exhibit A,' and made a part hereof.

"Second. That on the 1st day of January, 1910, the defendant A. N. Starr made and executed an appeal bond: in the above-cited action, which said appeal bond was for the purpose of carrying the said cause on appeal to the county court of Rogers county, a copy of which said bond is hereto attached, marked 'Exhibit B,' and made a part hereof.

"Third. That upon the filing of said bond, said case was appealed to the county court of Rogers county, State of Oklahoma, and is known on the docket of said court as case No. 241 Civil.

"Fourth. That on the 30th day of January, 1911, said case was tried in said county court of Rogers county, State of Oklahoma, before Hon. H. Tom Kight, judge of said court, being the trial upon the appeal of said cause, and that upon that date the parties to said suit having waived a jury, judgment was rendered by the court in favor of the plaintiffs in the sum of $96.75 and costs, as is shown by the records of said court.

"Fifth. That on the 31st day of January, 1911, the defendant William T. Taylor filed a supersedeas bond in the sum of $96.75, which said bond was signed by B. H.,

Hester and E. M. Eaton as sureties, as is evidenced by a copy of said bond, which is hereto attached, marked 'Exhibit C,' and made a part hereof.

"Sixth.  That this bond was given for the purpose therein stated, which was for the purpose of carrying an appeal of said case to the Supreme Court of the State of Oklahoma.

"Seventh.  That the defendant in that action William T. Taylor failed and refused and neglected to carry said case to the Supreme Court of the State of Oklahoma, and it was never appealed under such bond.

"Eighth.  That the plaintiffs have made demand upon the defendants A. N. Starr, B. H. Hester, and E. M. Eaton for the payment of said judgment under said bond, but said defendants have refused and neglected, and still refuse and neglect to make payment under said bond.

"Wherefore, premises considered, plaintiffs pray that they may have judgment, against the defendants in the sum of $96.75, with an attorney fee of $10 and all costs in the case herein laid out and expended, and for such other and further relief as to the court may seem fit and proper."

"EXHIBIT B.

"We, W. T. Taylor, as principal, and Arch N. Starr, as sureties and residents of said Rogers county, hereby undertake and bind ourselves to the said Hattie J. McClain and Sarah V. McClain, Mrs. W. B. Kitterman, next friend in the above-entitled action, in the sum of two hundred fifteen and 30/100 dollars ($215.30), that being double the amount of the judgment and costs rendered against said appellant, W. T. Taylor, in said action, that said appellant will prosecute his appeal from said judgment to the county court of said Rogers county to effect and without necessary delay, and if judgment be rendered against him on the appeal, that he will satisfy such judgment and costs.

"Witness our hands this 1st day of January, 1910.

"W. T. TAYLOR,
"A. N. STARR."

"EXHIBIT C.

"Know all men by these presents: William T. Taylor, principal obligor, and B. H. Hester and E. M. Eaton, sureties, are held and firmly bound unto Hattie J. McClain and Sarah V. McClain, by their next friend and natural guardian, Mrs. W. B. Kittermann, plaintiffs in the above-entitled cause, in the sum of three hundred dollars ($300.00), for the payment of which well and truly to be made, we, and each of us, do hereby jointly and severally bind ourselves, our successors and assigns.

"Dated this 31st day of January, A. D. 1911.

"The condition of the foregoing obligation is such that, whereas, on the 30th day of January, 1911, judgment was rendered in favor of said obligee, plaintiff in said cause, and against William T. Taylor, the principal obligor, defendant in said cause, for the sum of ninety-six and 75/100 ($96.75) and costs; and whereas, said defendant has taken an appeal from said judgment to the Supreme Court of Oklahoma: Now, therefore, if said principal obligor herein shall pay to the said obligee the condemnation money and costs in case the judgment or final order shall be adjudged against him, then this obligation shall be void, otherwise to remain in full force and effect.

"WILLIAM T. TAYLOR, *Principal.*
"B. H. HESTER,
"E. M. EATON, *Sureties.*"

To this petition the defendants each filed demurrers as follows:

"Comes now the defendant A. N. Starr, by his attorney, W. H. Bassman, Esq., and demurs to the petition filed herein by the plaintiff, for the following good and sufficient reasons to wit: Said petition does not state facts sufficient to constitute a cause of action in favor

of the plaintiff and against this defendant. That there is a defect of parties plaintiff. Said action is not brought in the name of real parties in interest."

The plaintiffs in error B. H. Hester and E. M. Eaton also filed demurrer to said petition, the material portion thereof being as follows:

"Comes now the defendants B. H. Hester and E. M. Eaton, by their attorney, W. H. Bassman, Esq., and demur to the petition of plaintiff filed herein, for the following good and sufficient reasons, to wit: (1) Because said petition does not state facts sufficient to constitute a cause of action against these defendants and in favor of the plaintiffs; (2) because there is a defect of parties plaintiff; (3) because said action is not brought in the name of the real parties in interest."

The demurrers were overruled, exceptions saved, and defendants declined to plead further. Joint judgment was rendered against all of said defendants, which is as follows:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiffs have and recover of and from the defendants, A. N. Starr, B. H. Hester, and E. M. Eaton, the said sum of $96.75, with interest from the 29th day of December, 1909, together with costs in civil action No. 279, before E. J. Humphrey, J. P., and the further costs in civil action No. 241, in the county court of Rogers county, together with $10 attorney's fees, and the costs in this action, and that execution may issue accordingly."

To this judgment the defendants except, and bring error. Thus we have squarely presented, Does the petition state facts sufficient to constitute a cause of action against defendant? That is, the defendant Starr separately, the defendants Hester and Eaton jointly, or all of said defendants jointly? Counsel for plaintiffs in

error contend for several reasons, which they claim are sufficient grounds for a reversal of said judgment, as follows:

"(1)    There was no breach of the supersedeas bond for the reason that the case was not appealed, or otherwise taken to the Supreme Court."

We are of the opinion that the contentions of counsel in that behalf cannot be sustained, for the reasons:

(1)    The bond is not the usual supersedeas bond provided by the statutes (subd. 1, sec. 5251, Rev. Laws 1910), conditioned that:

"The plaintiff in error will pay the condemnation money and costs, in case judgment or final order shall be affirmed, in whole or in part."

The condition of this bond is "to pay in case of judgment or final order be adjudged against him." The effect of failure to appeal would necessarily result in a final judgment against the defendants which would probably be a breach of the bond.    It must not be overlooked that this is simply a supersedeas bond, and not an appeal bond.    The bond is not necessary to effect or complete an appeal, but simply stays execution.    An appeal could be taken without giving the bond, but execution could issue notwithstanding the appeal.    We are of the opinion that an action would lie on the bond, even though it were the usual, statutory bond, conditioning payment, "in case judgment is affirmed."    Our court, so far as we have been able to ascertain, has not passed upon the question, but the purpose and effect of the bond being only to stay execution, we think the giving and approval of the bond creates of itself a liability.    Many of the courts hold that:

"When an undertaking on appeal is conditioned for payment in case judgment is affirmed, liability arises thereon if the appeal fails for want of prosecution." (*Coon v. McCormack,* 69 Iowa, 539, 26 N. W. 455; *Harrison v. Bank of Ky.,* 26 Ky. [3 J. J. Marsh.] 376; *Dunterman v. Story,* 40 Neb. 447, 58 N. W. 949; *Flannagan v. Cleveland,* 44 Neb. 58, 62 N. W. 297.)

Ohio, Texas, and several other states hold the same way, while Indiana and a few others seem to follow the contrary rule, but the former holding is supported by the greater weight of authorities, and should be the rule in this state, and especially so under our peculiar law in regard to supersedeas bonds.

(2) The contention of plaintiffs in error that the petition does not show that the time for appeal has expired is certainly well taken. It must be conceded that if the time for taking the appeal has not yet expired, an action would not lie on either an appeal or supersedeas bond.

(3) But the most fatal defect in the petition, and the one which must control in this case, is that the petition does not allege that the original judgment has not been paid. So far as the allegations of the petition show, the judgment has been satisfied in full, and that may have been the reason why the appeal was not completed. The petition, in paragraph 8, alleges:

"That the plaintiffs have made demand upon the defendants, A. N. Starr, B. H. Hester and E. M. Eaton, for the payment of said judgment under said bond, but said defendants have refused and neglected, and still refuse and neglect, to make payment under said bond."

That paragraph charges that payment was demanded, and refused by defendants, which would be entirely con-

sistent with the fact that the judgment had been paid. From that ground alone, we are compelled to hold that the petition does not state facts sufficient to constitute a cause of action, and the demurrers should have been sustained as to all the defendants. The question as to whether a joint action will lie on both of these bonds has not been fully presented, but we suggest that it is at least very doubtful, and should be carefully considered before proceeding further in the trial court. The case should be reversed and remanded.

By the Court: It is so ordered.