GEORGE C. HASCALL v. DAVID W. BROOKS.

*Justices' courts—Appeal bond—Insufficiency—Dismissal of appeal— Action on bond—Estoppel.*

1. A bond given on appeal from a justice's judgment, though insufficient in amount, operates as a stay of proceedings; and the appellant has the right, under How. Stat. § 7018, which provides that no appeal shall be dismissed on account of any informality or imperfection in the appeal bond, if the appellant and his sureties consent to amend the same, or if another sufficient bond, to be approved by the court, shall be filed, to amend the bond or file a new one.

2. On appeal from a justice's judgment, the penalty of the appeal bond was for the same amount as the judgment. On motion of the appellee, an order was made in the circuit court that the appeal be dismissed unless a new and sufficient bond be filed within 10 days. The order was not complied with, and the appeal was dismissed. After an execution, issued on the justice's judgment, had been

returned unsatisfied, the appellee brought suit on the appeal bond. And it is held that the appellee, in moving to dismiss the appeal in default of a new and sufficient bond, did not release his rights under the original bond until the order of the court for the filing of such new bond had been complied with, and that he was not estopped from bringing suit on the original bond.

Error to Wayne. (Donovan J.) Submitted on briefs May 1, 1895. Decided May 21, 1895.

Debt. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Barbour & Rexford*, for appellant.

*Otto Kirchner*, for defendant.

LONG, J. Defendant signed a bond as surety for Sarah Stewart on appeal to the circuit court from a judgment rendered before a justice of the peace. The judgment was for $213.28. The bond was given for the same amount. The appeal was dismissed in the circuit court, on the ground that the bond was not sufficient in amount. The bond was conditioned—

"That if the above-bounden Sarah Stewart shall prosecute her said appeal with all due diligence to a decision in the said circuit court, and, if a judgment be rendered against her in said circuit court, shall pay the amount of such judgment, including all the costs, with interest thereon; and, in case the said appeal shall be discontinued or dismissed, if the said Sarah Stewart shall pay the amount of such judgment rendered against her in said justice's court, including all costs, with interest thereon, then this obligation to be void; otherwise in force."

The order was made in the circuit court that the appeal be dismissed unless a new and sufficient bond be filed within 10 days. No new bond was filed, and the final order of dismissal was entered. Execution was thereupon issued from justice's court against Sarah Stewart, and returned unsatisfied. This action of debt on the

bond was then commenced in the circuit court, and, on the hearing, the court, upon findings of fact, entered judgment in favor of defendant.

Defendant contends in support of this finding that inasmuch as the only defect in the bond was the amount, and the appellee (the plaintiff here) having moved to dismiss the appeal, he cannot now be heard to claim anything under the bond, as he had deliberately refused to receive it, and by so doing had destroyed the only consideration for which it was given, to wit, the right of defendant's principal to appeal. We are unable to agree with this contention. The bond operated as a stay of proceedings, and the party appealing had the right under How. Stat. § 7018, to amend the bond or file a new one. That section provides that no appeal shall be dismissed on account of any informality or imperfection in the bond. The bond given, though not sufficient in the amount of the penalty, conferred jurisdiction upon the circuit court to act in the premises. The circuit court had no power to dismiss the appeal in the first instance, but to order a new bond, and, in default of compliance with that order, then to dismiss the appeal. The appellee, in moving to dismiss in default of a new and sufficient bond, was only exercising his right to have a sufficient bond to cover the damages and costs, as the statute prescribes. He did not, however, in taking that action, release his rights under the former bond until the order of the court had been complied with, and a new bond filed.

In *Meserve v. Clark*, 115 Ill. 580, it was held that, though no appeal was effectuated, yet the party had the right to bring suit on the appeal bond. The court said:

"The question is not whether the appeal was properly taken, for it is conceded that it was not, but the question is, ought the appellant in a suit upon the bond be heard to say that no appeal was ever taken?"

In *Skidmore v. Hull*, 33 Mo. App. 41, the action was

on an appeal bond to the circuit from a judgment before a justice. The appeal had been dismissed for some defect in the affidavit upon the bond. The objection was made, as in the present case, that the appellees had moved to dismiss the appeal, and could not then proceed on the bond. The court said:

"Because the plaintiffs moved to dismiss the appeal for the lack of a proper affidavit does not estop them from bringing an action on the appeal bond; especially in view of the fact that the dismissal could have been avoided by filing a proper and competent bond, or supplying the omission in the one already filed under the statute."

The above case is in point with the present, and states the true rule.

The court below in the present case took the view of the case insisted upon by counsel for defendant here, and rendered judgment in favor of defendant. The judgment must be reversed, and a new trial ordered.

The other Justices concurred.