PATEK v. RYSKEWIECZ.

1. JUDGMENT—JUSTICES OF THE PEACE—SECURITY FOR COSTS—
ESTOPPEL.
   Where the defendant in a suit in justice's court secured
       an order of the court to compel the plaintiff to file se-
       curity for costs, and afterwards removed the judgment by
       certiorari to the circuit court, claiming that plaintiff had
       failed to comply with the order, and that security offered
       in the form of a paper signed by a surety was insufficient
       and invalid because the surety had not appeared before
       the justice, he could not recover the costs taxed in the
       circuit court, after judgment in his favor, from the surety
       in the undertaking; he was bound by the judgment, and
       precluded or estopped from basing his action on the writ-
       ing which his counsel had previously argued was invalid.

2. SAME—CONSIDERATION.
   In the light of the holding of the court, no sufficient consid-
       eration for the instrument was shown and it was not a
       valid common-law obligation.

3. SAME—APPEAL AND ERROR.
   The question whether the assignment to plaintiff of the judg-
       ment carried with it said undertaking for costs will not
       be considered where it was not briefed or raised by the
       defendant.

Error to Gogebic; Cooper, J. Submitted October 15,
1915. (Docket No. 123.) Decided December 21, 1915.

Assumpsit in justice's court by Julius J. Patek
against William Ryskewiecz on an undertaking to se-
cure plaintiff against the costs of an action. Defend-
ant appealed to the circuit court from an adverse judg-
ment. Judgment for defendant. Plaintiff brings er-
ror. Affirmed.

*Julius J. Patek, in pro. per.*

*Curtis Buck* (*Belmont Waples,* of counsel), for appellee.

STONE, J.   This case originated in justice's court. It was tried before the court without a jury.   The trial court filed a finding of fact and conclusion of law.   The finding of fact was based upon a stipulated statement of the facts signed by the attorneys for the respective parties, which was as follows:

"(1) That on the 10th day of October, 1911, one Mary Talkowski, as plaintiff, commenced a suit in assumpsit against one Peter Puksta, as defendant, by ordinary summons, returnable before the aforesaid justice of the peace, at his office in the city of Ironwood, in said county, on the 18th day of October, 1911.   That the defendant, Peter Puksta, never appeared generally in said suit before the said justice of the peace, nor pleaded in said cause, but on the return day of said summons the said defendant appeared specially and moved that the plaintiff, Mary Talkowski, be required to give in said cause sufficient security for costs and that in default thereof said suit be dismissed; and the said justice made and entered an order in said suit, that said plaintiff, Mary Talkowski, give security for costs in said cause.   That thereupon the said plaintiff in said suit, Mary Talkowski, presented and delivered to the said justice of the peace a certain written instrument in words and figures as follows:

"'County of Gogebic—ss.:
  "'Mary Talkowski v. Peter Puksta.
  "'Before John O. Gustafson, a Justice of the Peace of Said County.   The said plaintiff having been required by the said justice, for good reasons shown, to give security for costs, therefore, I, W. Ryskewiecz, do hereby become security that said Mary Talkowski shall pay the said Peter Puksta any costs which may be adjudged against her, the said Mary Talkowski, in the above-entitled suit.
  "'Dated October 18, 1911.
                                        "'W. RYSKEWIECZ.'

"That said W. Ryskewiecz had not appeared before the said justice on said day nor signed the purported security for costs in the presence of said justice, nor signed an undertaking in writing to that effect, upon the docket of the said justice in said cause. That thereupon the defendant then and there moved the said justice that said cause be dismissed for want of sufficient security for costs, because the same was not an undertaking, in writing, upon the docket of the justice and signed by the surety upon said docket in the presence of said justice, which motion the justice at the request of said Mary Talkowski overruled and at her request proceeded with a trial of said cause, and after hearing plaintiff's proofs, the said justice did on said day render judgment in favor of said Mary Talkowski, as plaintiff, and against the said Peter Puksta, as defendant, for $30 damages and $4.15 costs of said suit.

"(2) That the foregoing facts were alleged in an affidavit for certiorari to remove the said judgment to the circuit court for the county of Gogebic, made on behalf of said defendant, Peter Puksta, and in said affidavit there was and is a further allegation, as follows:

"'Deponent further says that the said pretended judgment is erroneous and void for the reason that the said justice erred in holding that the filing with him by the plaintiff of the piece of paper mentioned, at the time and under the circumstances as stated, was a compliance with said Comp. Laws 1897, § 713.'

"(3) That the said Peter Puksta duly removed the said judgment to the circuit court for said county of Gogebic, by such certiorari, and that after a hearing there had, the said circuit court on the 30th day of March, 1912, reversed the judgment of said justice of the peace, with costs, taxed by consent, in open court, at the sum of $22, including an attorney fee of $15 in favor of the plaintiff herein, the attorney for Peter Puksta in said certiorari proceedings.

"(4) That on said 30th day of March, 1912, the said Peter Puksta duly assigned the said judgment to the plaintiff herein, and plaintiff since then has been and now is the owner thereof.

"(5) That there were no errors in the judgment of the justice alleged in the affidavit for certiorari, upon which the writ was allowed and issued, and none are

shown by the return of the justice to said writ, except as above stated.

"(6) That the plaintiff herein, prior to the commencement of this suit, repeatedly demanded of both the said Mary Talkowski and the defendant in this cause, that they pay to the plaintiff the costs so awarded to the said Peter Puksta on reversal of said judgment and that they each refused to pay the same."

The conclusions of law were as follows:

"1. The said judgment rendered by the said justice of the peace, referred to in the foregoing statement of facts, having been reversed on the sole ground that no legal undertaking for security for costs was furnished by the said plaintiff in said judgment, as ordered by the said justice, there was and is no consideration to support the undertaking of the said defendant herein as evidenced by his signature to the paper set out in the first paragraph of the foregoing finding of facts.

"2. Judgment therefore will be rendered in favor of the defendant, with full costs."

Exceptions were duly filed by appellant. A judgment for defendant having been entered, the plaintiff has brought the case here upon writ of error.

By his assignments of error the following propositions are presented:

(1) That the court erred in finding from the stipulated facts that in view of the said judgment rendered by the said justice of the peace referred to in the statement of facts in said stipulation contained, having been reversed on the sole ground that no legal undertaking for security for costs was furnished by the said plaintiff in the said judgment, as ordered by the said justice, there was, and is, no consideration to support the undertaking of the said defendant herein, as evidenced by his signature to the paper set out in the first paragraph of said stipulation, because the suit is founded upon the final judgment rendered in said circuit court reversing that of the justice of the peace, as evidenced by the journal entry of said court, and not upon any reason or reasons why such judgment was reversed and the reason or reasons for the reversal of such judgment are immaterial.

(2) That the court erred in finding from the stipulated facts in said cause that the said defendant did not undertake and promise in manner and form as the plaintiff hath in his declaration in said cause complained against him.

By the pleadings in the case, the question of no consideration was raised. The plaintiff here seeks to hold defendant liable on the writing signed by the latter, which writing, by the action and instigation of the plaintiff himself, as attorney for said Puksta, defendant in the original suit, was held, in the certiorari case invalid, and not to be a good and sufficient security for costs. As already appears, in the affidavit for certiorari there was the following statement:

"Deponent further says that the said pretended judgment is erroneous and void for the reason that the said justice erred in holding that the filing with him by the plaintiff of the piece of paper mentioned at the time and under the circumstances as stated, was a compliance with said Comp. Laws 1897, § 713."

It further appears by the stipulated facts:

"That there were no errors in the judgment of the justice alleged in the affidavit for certiorari upon which the writ was allowed and issued, and none are shown by the return of the justice to said writ, except as above stated."

We think the trial judge was therefore warranted in finding that such judgment was reversed, on the sole ground that no legal undertaking for security for costs was furnished, and that said finding was material. The said Puksta and his attorney, the present plaintiff, having asserted that said judgment was void for the reason, stated, and having induced the court so to hold, should be now precluded and estopped from claiming that said paper was, and is, a valid security for costs. 16 Cyc. p. 796. We are also of the opinion that there was no valid consideration for such undertaking or promise, and therefore it can-

not be said in the light of the result of the first case, that the writing was a valid common-law obligation.

In *Wilson* v. *Davis,* 1 Mich. 156-162, the plaintiff sued defendant on a writing purporting to be a stay of execution, on a judgment, which defendant had signed as surety. The judgment which it was given to stay was held to be void, so that the stay did not accomplish the purpose for which it was given, to wit, to postpone the issuance of a valid execution, because no valid execution could be issued on a void judgment. The court said:

"We think the judgment read in evidence  *  *  * was void, and, therefore, cannot furnish a valid consideration for the promise of the defendant set forth in plaintiff's declaration."

Plaintiff cites in support of his position the cases of *Brion* v. *Kennedy,* 47 Mich. 499 (11 N. W. 288), and *Hascall* v. *Brooks,* 105 Mich. 383 (63 N. W. 413). We do not think those cases support the plaintiff's position.

In the *Brion Case* a security for costs undertaking, substantially like that here involved, was given. It was held to be a good common-law undertaking, because it effected the purpose for which it was given, to wit, to enable the plaintiff to go on with his suit. As it was acquiesced in as effecting such purposes, this court held it to be supported by a sufficient consideration. No question was raised as to the validity of the judgment. In the instant case, the judgment, because of the invalidity of the instrument sued upon, was held to be void and of no effect. That ruling became the law of the case, as it was final, and not appealed from.

In the *Hascall Case,* an insufficient appeal bond was given. In the circuit court the appeal was dismissed because the opportunity given by the court to replace the bond with a valid one, and so maintain the case in that court, was not embraced. It was held that the

bond given, though not sufficient in the amount of the penalty, conferred jurisdiction upon the court to act in the premises. In other words, the defective bond accomplished the purpose of getting the case into the circuit court, and giving that court jurisdiction. There was therefore a valid consideration to support the obligation of the surety on the bond. Not so in the instant case, according to the judgment on certiorari.

Another question suggests itself, and that is whether the assignment of the judgment to the plaintiff carried with it the title to the undertaking. See *Forrest v. O'Donnell*, 42 Mich. 556 (4 N. W. 259). As the question is not raised, or briefed, we express no opinion upon it.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

BROOKE, C. J., and PERSON, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.